COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


WILLIAM L. HARRIS

v.          Record No. 1998-94-1          OPINION BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                    DECEMBER 12, 1995

             FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Westbrook J. Parker, Judge

          Michael D. Eberhardt for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On appeal from his convictions of conspiracy to distribute
cocaine and possession of cocaine with the intent to distribute,
William L. Harris contends he was denied his statutory right to a
speedy trial.  See Code § 19.2-243.  We disagree and affirm the
judgments of the trial court.

     On July 27, 1992, without having previously been arrested
thereon, Harris was directly indicted on charges of possession of
cocaine with intent to distribute and conspiracy to distribute
cocaine.  He was arrested on September 27, 1992.  On October 13,
1992, he was released on bail.  From October 22, 1992 until July
30, 1993, his trial was continued six times on his motion.

     On July 27, 1993, Harris was arrested in New Jersey.  On
December 7, 1993, he was extradited and returned to Virginia and
his trial was set for March 23, 1994.  Over Harris's objection,
the Commonwealth was granted a continuance because two witnesses

failed to appear.  The trial court set the trial for May 5, 1994.

Because defense counsel was unavailable on that date due to a

previously scheduled court date, the trial court changed the

trial date to May 12, 1994, and, over defense objection, ruled

that the continuance from May 5 to May 12 was on Harris's motion.

On May 12, Harris requested a continuance until July 7, 1994.

Code § 19.2-243, in effect at the time of the proceedings,

provides, in pertinent part, as follows:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held <u>continuously</u> in
> custody <u>thereafter</u>, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced . . . within five
> months from the date such probable cause was
> found . . . ; and if the accused is not held
> in custody <u>but has been recognized for his
> appearance</u> . . . , he shall be forever
> discharged . . . if no trial is commenced
> . . . within nine months . . . .

> \*   \*   \*   \*   \*   \*   \*

> If an indictment . . . is found against
> the accused but he has not been arrested for
> the offense charged therein, the five and
> nine month periods, respectively, shall
> commence to run from the date of his arrest
> thereon.

> \*   \*   \*   \*   \*   \*   \*

> The provisions of this section shall not
> apply to such period of time as the failure
> to try the accused was caused:

> \*   \*   \*   \*   \*   \*   \*

> (4)  By continuance granted on motion of the
> accused or his counsel, or by concurrence of
> the accused or his counsel in such motion by
> the attorney for the Commonwealth, or by

reason of his escaping from jail or failing

to appear according to his recognizance . . . .

(Emphasis supplied).

Harris contends that because he was held continuously in custody from his return to Virginia on December 7, 1993, the five month time-frame applies.  Noting that the May 12, 1994 trial date was beyond the five month limit, he argues that he neither moved for a continuance from May 5 to May 12, nor concurred in such a motion by the Commonwealth.  He argues that he had no obligation to insist on a trial date within the statutory period.  See Pittman v. Commonwealth, 10 Va. App. 693, 695, 395 S.E.2d 473, 474 (1990).  Therefore, he contends, Code § 19.2-243(4) did not toll the statutory period from May 5 to May 12 and the charges against him should have been dismissed.  We disagree.

Code § 19.2-243 specifically establishes beginning points for the running of its time calculations.  When a preliminary hearing is conducted in the general district court and probable cause is found, that finding commences the running of the statute.  However, where a direct indictment is returned, without prior arrest, the time "[commences] to run from the date of [] arrest thereon."  Id.

Code § 19.2-243 specifically sets forth two discrete time-frames, one five months in duration, the other nine months.  The five month time-frame applies when the accused "is held continuously in custody thereafter . . . ."  "Thereafter" plainly refers to the beginning point of the time-frame.  Thus, detention

- 3 -

in custody for a five month period does not invoke the five month rule unless that custody runs continuously from the statutory beginning point.

Code § 19.2-243 specifies a nine month time-frame applicable to an accused who is not "held continuously in custody thereafter," but is "not held in custody but has been recognized for his appearance . . . ."

Because Harris was directly indicted, without prior arrest on the charges, the time prescribed by Code § 19.2-243 did not begin to run until the date of his arrest, September 27, 1992. He was not held in continuous custody from that time, but on October 13, 1992, was released on bail. Therefore, the nine month statutory period applies. Because trial was commenced within nine months from the date of Harris's arrest, not counting the periods excluded by the statute, no statutory speedy trial violation occurred.

We affirm the judgments of the trial court.

Affirmed.