COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Richmond, Virginia


TIMOTHY A. MITCHELL
                                          OPINION BY
v.    Record No. 0857-98-2          JUDGE SAM W. COLEMAN III
                                        AUGUST 31, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                 Richard S. Blanton, Judge

        Michael J. Brickhill (Michael J. Brickhill,
        P.C., on brief), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on
        brief), for appellee.


    On April 19, 1994, Timothy Mitchell was indicted for grand

larceny of a tractor.  Four years later, on April 10, 1998,

Mitchell was convicted.  On appeal, Mitchell contends the trial

court erred by denying his motion to suppress an incriminating

statement allegedly obtained in violation of his Fifth Amendment

privilege against self-incrimination.  Mitchell also contends he

was denied his statutory right to a speedy trial.  Finding no

error, we affirm.

                    I.  BACKGROUND

                    A.  Confession

    In 1989, Burley Cobb's farm tractor was stolen from his

residence in Prince Edward County, Virginia.

In 1993, Charlotte County Deputy Sheriff Howard Hobgood arrested Timothy Mitchell's girlfriend after finding stolen property in her home during a search for Mitchell, a suspect in a Charlotte County burglary. Sometime later, Mitchell turned himself in to authorities in Charlotte County, and Deputy Hobgood interviewed him in jail regarding the Charlotte County burglary. Before doing so, Hobgood read Mitchell his Miranda rights. Mitchell indicated he understood his rights, agreed to answer questions, but refused to sign a waiver form. Mitchell stopped speaking every time Hobgood started to take notes, but he never requested a lawyer and never stated that he would not talk to Hobgood.

The following morning, Investigator Donald Lacks interviewed Mitchell. Lacks again read Mitchell his Miranda rights. Mitchell responded, "I ain't got shit to say to y'all," but then he proceeded to talk about being in jail before and about the charges against his girlfriend. Mitchell never requested a lawyer and conversed generally with the investigator, but again refused to sign a waiver form.

A few minutes later, Charlotte County Sheriff Thomas Jones arrived at the jail. Lacks told Jones he had attempted to get a statement from Mitchell but Mitchell had said he did not wish to speak to him.

Jones then confirmed with Mitchell that Lacks had read the Miranda warnings to him and that Mitchell understood his rights.

-

Jones told Mitchell that he wanted to give him an opportunity to tell his side of the story.  Mitchell responded, "there is nothing I can tell y'all that you don't already know . . . you-all got me; you know what I did."

Mitchell talked about a prior conviction and prior incarceration and talked in general about his history of stealing from various people.  Later, he complained to the sheriff about the charges brought against his girlfriend and asked the sheriff to drop them.  Jones replied that he could not drop the charges but that if she were found innocent through their investigation, the charges would be dropped.  Jones told Mitchell that his girlfriend's guilt or innocence would have to be resolved by a court.

Later, Mitchell asked Jones "if he could do anything to help himself."  Jones told him if he had information about property stolen in Charlotte County, "it would be taken into consideration."  Mitchell subsequently admitted stealing Burley Cobb's tractor.  He never stated that he wanted a lawyer and never stated that he did not want to talk to Jones.  Mitchell did most of the talking while Jones listened.  Jones testified that although Mitchell was angry, he was very calm and willing to cooperate.

Before trial, Mitchell moved to suppress his confession that he stole the tractor, contending the officers had obtained the

-

confession in violation of his Fifth Amendment rights.  The trial court denied the motion, and Mitchell appealed.

## B.  Speedy Trial

Following Mitchell's indictment on April 19, 1994, he was admitted to bail and released on bond.  The trial court entered an order on April 19, 1994, continuing the case until June 22, 1994, on Mitchell's motion and stating that Mitchell "waives his Speedy Trial rights and joins in this Motion for Continuance freely and voluntarily."  This order did not set a trial date, and the court had not previously set a trial date.

On June 22, 1994, the trial court continued the case "until further notice."  On November 7, 1994, the court entered its next order continuing the case and for the first time set a trial date of March 21, 1995.  The November 7 order, which Mitchell and his attorney both endorsed, "waives his Speedy Trial rights and [states that he] joins in this Motion for Continuance freely and voluntarily."

On March 21, 1995, when the judge inquired if the parties were ready to proceed, Mitchell's attorney requested a continuance due to a miscommunication between the defendant and the attorney. Noting that the case had been continued several times in the past and had been pending for almost two years, Mitchell's attorney stated, "[w]e certainly would waive our right to a speedy trial." The trial court entered the March 21 order "[u]pon motion of the defendant" stating that the case was "continued generally" until

-

April 18, 1995 and that Mitchell "waives his/her Speedy Trial rights and joins in this Motion for Continuance freely and voluntarily."  Mitchell endorsed the order, "I ASK FOR THIS."

Thereafter, the trial court, by agreement of counsel, set the case for trial on August 8, 1995.  However, on August 8, Mitchell failed to appear for trial, and the court issued a capias for his arrest.  During the time Mitchell was a fugitive, the case was continued.  Over a year later, on November 27, 1996, police arrested Mitchell on the capias.

On January 23, 1997, the court set trial for May 9, 1997.  On May 9, 1997, despite assurances that he would obtain private counsel and be ready for trial, Mitchell appeared before the court without counsel.  On May 9, the court appointed counsel and Mitchell endorsed an order as "I ASK FOR THIS," continuing the case on his motion until June 18, 1997.  The order states that Mitchell "fully understands that a motion by the defendant or attorney for the defendant . . . constitutes a waiver of his speedy trial rights."[1]

---

[1] Mitchell does not contend on appeal and the record does not suggest that he waived his speedy trial rights as an involuntary condition to being granted continuances or that his waivers were compelled.  He contends only that the waivers were limited to the time period for which continuances were granted. See Tomai-Minogue v. State Farm Mut. Auto, Inc. Co., 770 F.2d 1228, 1232 (4th Cir. 1985) ("[T]he Supreme Court has found it 'intolerable that one constitutional right should have to be surrendered in order to assert another.'" (quoting Simmons v. United States, 390 U.S. 377, 394 (1968))).  But, see, Doss v. Commonwealth, 23 Va. App. 679, 687, 479 S.E.2d 92, 96-97 (1996)

Continued . . .

After the June 18, 1997 trial date, another series of court appearances, continuances, hearings, and waivers occurred. Ultimately, Mitchell was tried on April 10, 1998.

On the morning of trial, Mitchell filed a motion to dismiss on the ground that his trial had not commenced within nine months of his indictment as required by Code § 19.2-243. The motion alleged that between indictment on April 19, 1994, and Brickhill's appointment as counsel on May 9, 1997, 396 days of delay attributable to the Commonwealth had elapsed. Mitchell makes no claim in this appeal that the delay after May 9, 1997, until his trial on April 10, 1998, violated his statutory speedy trial right. The court denied the motion, and Mitchell appealed.

## II.  ANALYSIS

## A.  Confession

Mitchell contends the trial court erred in denying his motion to suppress statements allegedly obtained in violation of his Fifth Amendment right to remain silent. Mitchell contends that when he told officer Lacks, "I ain't got shit to say to y'all," he invoked his right to silence and all further

---

Continued . . .
("The Fifth Amendment does not insulate a defendant from all 'difficult choices' that are presented during the course of criminal proceedings, or even from all choices that burden the exercise or encourage waiver of the Fifth Amendment's right against self-incrimination." (quoting United States v. Frazier, 971 F.2d 1076, 1080 (4th Cir. 1992), cert. denied, 506 U.S. 1071 (1993))).

-

questioning should have ceased.  On appeal from a denial of a suppression motion, we view the evidence in the light most favorable to the Commonwealth.  See Giles v. Commonwealth, 28 Va. App. 527, 532, 507 S.E.2d 102, 105 (1998).

An express written waiver is not required for an accused to waive Miranda rights.  See Cheng v. Commonwealth, 240 Va. 26, 35, 393 S.E.2d 599, 604 (1990) (finding that defendant's decision to speak after being apprised of Miranda warnings was sufficient to constitute waiver).  Officer Hobgood read Mitchell the Miranda warnings on June 13, 1993.  Mitchell indicated that he understood his rights and agreed to answer questions.  The next morning, Officer Lacks again read Mitchell the Miranda warnings.  Mitchell's refusal to sign the waiver form does not constitute an invocation of his Fifth Amendment right to remain silent.

Where police read Miranda warnings to a defendant and the defendant knowingly and intelligently waives his or her constitutional rights, we presume that the waiver remains in effect "until the suspect manifests, in some way which would be apparent to a reasonable person, his [or her] desire to revoke it."  Washington v. Commonwealth, 228 Va. 535, 548-49, 323 S.E.2d 577, 586 (1984).

Only when an accused expresses a clear and unambiguous assertion of his (or her) right to remain silent must investigators cease further questioning.  See e.g., United

-

States v. Banks, 78 F.3d 1190, 1197 (7th Cir. 1996) (finding that, "I don't got nothing to say" did not constitute an invocation of the right to remain silent); Burket v. Commonwealth, 248 Va. 596, 609-10, 450 S.E.2d 124, 131-32 (1994) (finding that, "I don't think I should say anything" did not constitute an invocation of right to remain silent); Akers v. Commonwealth, 216 Va. 40, 45-46, 216 S.E.2d 28, 31-32 (1975) (finding that, "Do I have to talk about it now?" did not constitute an invocation of the right to remain silent); Green v. Commonwealth, 27 Va. App. 646, 652-54, 500 S.E.2d 835, 838-39 (1998) (finding that, "[I don't] have anything more to say" did not constitute an invocation of the right to remain silent).

After Lacks re-Mirandized Mitchell, Mitchell stated, "I ain't got shit to say to y'all." Then Mitchell proceeded to volunteer information to Lacks. Under these circumstances, we find that Mitchell's phrase, "I ain't got shit to say to y'all," did not constitute a clear and unambiguous invocation of his Fifth Amendment right to remain silent. Accordingly, the trial court did not err in denying Mitchell's motion to suppress his inculpatory statement. Additionally, we reject Mitchell's assertion that investigators applied undue pressure regarding charges brought against Mitchell's girlfriend. Mitchell, not the investigators, initiated discussion of the charges against his girlfriend. Although Mitchell's concern for his girlfriend may have prompted his confession, nothing in the record suggests

-

that investigators used those charges as leverage to obtain involuntarily his confession.

## B.  Speedy Trial

When a defendant charged with a felony offense is not continuously held in custody, he or she is forever discharged from prosecution if trial is not commenced for that offense within nine months from the date he or she is indicted.  See Code § 19.2-243; Harris v. Commonwealth, 21 Va. App. 347, 349-50, 464 S.E.2d 516, 517 (1995).

In Mitchell's motion to dismiss, and on brief, he confines his argument to the period between indictment on April 19, 1994, and May 9, 1997, the date counsel was appointed for him. Mitchell argued at trial, and argues on appeal, that during that three-year period, the Commonwealth unjustifiably exceeded the nine-month statutory limitation for commencing trial.  Because Mitchell limits his claim to that time period, our review is confined to that time.[2]  See Rule 5A:18.

Between April 19, 1994 and May 9, 1997, the trial court entered four orders, the last three of which Mitchell personally endorsed as having been asked for on his motion and which contained explicit waivers of his statutory speedy trial rights.

---

[2] Additionally, we note that this Court, by order denying Mitchell's petition for appeal (Record Number 0856-98-2), has determined that the delays during the period after May 9, 1997 were not chargeable to the Commonwealth.

-

Additionally, on one occasion, Mitchell's attorney, in Mitchell's presence, orally represented to the court that he waived any speedy trial claim.  In this appeal, we decide the impact that those waivers have on Mitchell's statutory speedy trial claim.

A defendant may agree to a general waiver of his or her statutory speedy trial rights, in which instance the accused foregoes his or her rights granted by Code § 19.2-243.  Additionally, an accused may make a limited waiver of that right, in which instance the accused foregoes the statutory protection for a specified period of time.  See Shavin v. Commonwealth, 17 Va. App. 256, 266, 437 S.E.2d 411, 418 (1993).  Where a defendant moves for, or concurs in the continuance of a trial date, such action tolls the running of the speedy trial bar and that time is specifically excepted under the statute.  Code § 19.2-243(4).  However, a continuance moved for or concurred in by the defendant, while not included in the time frame within which the Commonwealth must commence trial, does not waive or bar a defendant's right to assert a speedy trial claim.  See Code § 19.2-243.  While a defendant may request or concur in a continuance and simultaneously waive his statutory speedy trial rights, the two are separate and distinct.  A continuance has the effect of excluding the time for the delay from the period attributable to the Commonwealth.  A waiver, however, foregoes the accused's right to assert the speedy trial

-

statute as a bar to prosecution notwithstanding the effect of the statute.  See id. at 267, 437 S.E.2d at 419.  A general waiver bars the defendant from raising a statutory speedy trial claim regarding any delay accrued before the waiver is revoked, if at all.  A limited waiver, by its terms, will limit or specify the period to which it applies.

Although the three orders[3] entered prior to the May 9, 1997 order arguably are general waivers that would remain in force until revoked, for purposes of this opinion we need only consider the scope of the waiver of the May 9, 1997 order.

We hold that the waiver language of the May 9, 1997 order operated as a general waiver that barred Mitchell from making any statutory speedy trial claim with regard to delays preceding the entry of that order and thereafter until revocation of the waiver.[4]  That order, signed by defendant and defendant's counsel, states that the defendant's motion for a continuance also constitutes a waiver of his statutory speedy trial rights. Without that language, defendant's motion would have merely been for a continuance and would have only tolled the clock

---

[3]See Appendix I attached for an example of the identical language contained in the three previous orders.
No constitutional speedy trial issue is asserted and, for this reason, we do not decide the effect of this waiver on defendant's constitutional right to a speedy trial.

[4]See Appendix II for the language of the May 9, 1997 order which constitutes a general waiver of the statutory speedy trial right.

-

prospectively.  <u>See</u> Code § 19.2-243.  With the language, however, the defendant waived his right to make a statutory speedy trial claim for the delays preceding the waiver and until such time as the waiver ceased to be effective.  Accordingly, because Mitchell waived his right on May 9, 1997 to claim a statutory speedy trial defense, the trial court did not err in denying Mitchell's motion to dismiss in which he alleged the Commonwealth exceeded the statutory speedy trial period between April 19, 1994 and May 9, 1997.

Finding no error in the trial court's denial of the motion to suppress nor in its denial of the motion to dismiss for an alleged violation of speedy trial rights, we affirm Mitchell's conviction.

<u>Affirmed.</u>

-

VIRGINIA:  IN THE CIRCUIT COURT OF PRINCE EDWARD COUNTY


COMMONWEALTH OF VIRGINIA

v.                          CASES NO(S):  CR94-80, CR94-81,
                               CR94-278, CR94-279, CR94-280
TIMOTHY A. MITCHELL

                            ORDER

     Upon motion of the defendant, TIMOTHY A. MITCHELL, by
counsel, the above styled case(s) are hereby ~~set for trial)~~
~~with/without a jury~~ (continued generally) on the docket of this
Court until April 18, 1995 at 10:00 a.m./~~p.m.~~, or as soon
thereafter as can be heard.  Defendant has been personally
advised by his/her trial counsel as to and fully understands
his/her rights to a Speedy Trial for these charges pursuant to
the United States Constitution, the Virginia Constitution and
Va. Code Section 19.2-243, 1950, as amended, and with all of
these rights in mind waives his/her Speedy Trial rights and
joins in this Motion for Continuance freely and voluntarily.


DATE:  3/21/95          JUDGE:  /s/ William L. Wellons


I ASK FOR THIS:                SEEN AND AGREED:

/s/  T. A. Mitchell            /s/ James R. Ennis
DEFENDANT                      COMMONWEALTH'S ATTORNEY


/s/ Michael Morchower
COUNSEL FOR DEFENDANT


-

VIRGINIA: IN THE CIRCUIT COURT OF PRINCE EDWARD COUNTY

COMMONWEALTH OF VIRGINIA

v.          CASE NO(S):  CR94-80, CR94-81, CR94-278, CR94-279
                 CR94-280, CR97-36, CR97-37, CR97-156 & CR97-157
TIMOTHY A. MITCHELL

ORDER

This matter came to be heard on the 9th day of May, 1997 with the Attorney for the Commonwealth, (the defendant) and (attorney for the defendant) present. Upon motion of the (Attorney for the Commonwealth), (the defendant), (the attorney for the defendant), the above styled case(s) are hereby (set for trial) (continued generally) on the docket of this Court until June 18, 1997 at 9:30 a.m./p.m. or as soon thereafter as can be heard. Upon motion of the (Attorney for the Commonwealth), (defendant), (attorney for the Defendant), this matter will be heard by (the Court) (a jury). Defendant has been advised by his trial counsel as to and fully understands his rights to a speedy trial for these charges pursuant to the United States Constitution, the Virginia Constitution and Va. Code Section 19.2-243, 1950, as amended, and fully understands that a motion by the defendant or attorney for the defendant or a motion for continuance agreed to by the defendant or attorney for the defendant constitutes a waiver of his speedy trial rights.

Defendant further fully understands and agrees that if these cases are set for trial without a jury, failure to notify

-

the Court of a request for a jury trial less than thirty days prior to the trial date set hereinabove will constitute a waiver of the right to trial by jury.

Enter this 9th day of May, 1997.

/s/ Richard S. Blanton
JUDGE

~~I ASK FOR THIS~~/SEEN AND AGREED

/s/ James R. Ennis
COMMONWEALTH ATTORNEY

I ASK FOR THIS/~~SEEN AND AGREED~~

/s/ Michael J. Brickhill
COUNSEL FOR DEFENDANT

I ASK FOR THIS/~~SEEN AND AGREED~~

/s/ T. A. Mitchell

-