COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2484-00-2          JUDGE RICHARD S. BRAY
                                         APRIL 17, 2001
DYLAN LOPEZ TYREE


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

        John H. McLees, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellant.

        Denise Y. Lunsford; Kelly A. Hobbs (George H.
        Dygert & Associates, on brief), for appellee.


     Dylan Lopez Tyree (defendant) was indicted in the trial court

for first degree murder, robbery, burglary and related use of a

firearm, violations of Code §§ 18.2-32, -58, -91 and -53.1,

respectively.  Alleging violations of his constitutional right to

remain silent, defendant successfully moved the court to suppress

his post-arrest statements to police.  The Commonwealth appeals to

this Court pursuant to Code § 19.2-398, maintaining defendant did

not properly assert his right to silence, but, even so, police

committed no violation.  We disagree and affirm the order.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

On appeal of a ruling on a motion to suppress evidence, we consider the evidence in the light most favorable to the prevailing party below, defendant in this instance, together with all reasonable inferences fairly deducible from such evidence. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). The burden is upon the Commonwealth "to show the trial judge's ruling . . . constituted reversible error." Green v. Commonwealth, 27 Va. App. 646, 652, 500 S.E.2d 835, 838 (1998).

Defendant was arrested for the subject offenses by Albemarle County police at 9:30 a.m. on October 8, 1998. Shortly thereafter, county Detectives Hanover and Henshaw advised defendant of his Miranda rights, and he agreed to speak with police. During the ensuing interview, which spanned "fifteen, maybe twenty minutes," defendant "just talked," without indicating "any concern or being angered or despondent or anything," and denied involvement in the offenses. However, when Detective Hanover questioned his whereabouts at the time of the crimes, defendant became "agitated" and responded, "I'm not saying shit to you. I wasn't involved in any of that. I don't know what you're talking about." As a result, Hanover concluded "the interview

-

wasn't progressing anywhere," Henshaw understood defendant "didn't have anything else to say," and the two "decided to stop the interview."

Shortly thereafter, at approximately 11:00 a.m., defendant was transported to Charlottesville police headquarters and immediately served with a warrant charging a grand larceny in that jurisdiction. At 12:22 p.m., Charlottesville Police Sergeant Hudson advised defendant of his Miranda rights, and, again, he agreed to an interview. At the outset of interrogation, Hudson reminded defendant, "You've been charged with some burglaries in [Charlottesville] and you've been charged with homicide in [Albemarle] [C]ounty," adding "[p]art of the opportunity you have here is to tell us about that." Hudson cautioned defendant, "you're in a real serious jam" and "now is the time to get [the murder] straightened out." After defendant had responded to numerous inquiries pertaining to the Albemarle County homicide, repeatedly denying involvement despite Hudson's accusations to the contrary, he declared, "I don't want to talk to you no more. . . . I ain't no damn murderer" and concluded the interview.

Prior to trial on the instant offenses, defendant moved to suppress his statements to Sergeant Hudson, contending they were unconstitutionally obtained following invocation of his right to remain silent. Following a related hearing, the court granted the motion, finding defendant had

-

> invoke[d] his right to remain silent at the conclusion of the interview with the county detective . . . . The county police did recognize the defendant's wish to not talk. This [c]ourt finds that the police did not "scrupulously honor" the right to remain silent as [Sergeant] Hudson told the defendant that he wished to ask him about the county murder after the defendant had told county police he had nothing to say, which the county police had honored. The second interrogation was not limited to questions about crimes other than the murder charge. Accordingly, this [c]ourt finds that . . . any statement obtained by Detective Hudson on October 8, 1998 at 12:22 p.m. and thereafter is suppressed.

The Commonwealth appeals.

## II.

The Commonwealth first contends defendant's comment to the Albemarle County detectives, "I'm not saying shit . . .," "did not constitute an unambiguous or clear" assertion of the right to remain silent.

"For a confession given during custodial interrogation to be admissible, the Commonwealth must show that the accused was apprised of his right to remain silent and that he knowingly, intelligently, and voluntarily waived that right."  Green, 27 Va. App. at 652, 500 S.E.2d at 838.  Once an accused waives the right to silence, such waiver "'will be presumed to continue . . . until the suspect manifests . . . his desire to revoke it.'"  Id. (citation omitted).  However, "[t]he Virginia Supreme Court has declared that a clear and unambiguous assertion of the right to remain silent . . . is necessary before authorities are

-

required to discontinue an interrogation." Id. The test to ascertain if a suspect invoked the right to silence is an objective one, Davis v. United States, 512 U.S. 452, 459 (1994), and the attendant finding by the trial court is "a factual determination that will not be disturbed on appeal unless clearly erroneous." Mills v. Commonwealth, 14 Va. App. 459, 468, 418 S.E.2d 718, 723 (1992) (citations omitted); see also Green, 27 Va. App. at 651-54, 500 S.E.2d at 838-39 (trial court not "plainly wrong" in finding no clear and unambiguous assertion of right to remain silent).

Here, defendant abruptly and pointedly informed the Albemarle detectives, "I'm not saying shit to you," and said no more. His message was clearly understood by police and resulted in immediate termination of the interview by police. Under such circumstances, the trial court found, as a matter of fact, that defendant clearly and unambiguously asserted his right to remain silent, a conclusion supported by the record and not plainly wrong.

The Commonwealth's reliance upon Mitchell v. Commonwealth, 30 Va. App. 520, 518 S.E.2d 330 (1999), and Green for a different result is misplaced. In Mitchell, the accused, after stating, "I ain't got shit to say to y'all," "proceeded to volunteer information" to police. Id. at 527, 518 S.E.2d at 334. The accused in Green told investigators "he didn't have anything more to say . . . [and] if [the detective] thought that

-

he wanted to confess to some things he didn't do, that [the detective] might as well buckle up for the long ride," language clearly dissimilar from the instant record.  27 Va. App. at 651, 500 S.E.2d at 837.

## III.

When an accused clearly and unambiguously asserts the right to remain silent, police must cease interrogation.  Miranda v. Arizona, 384 U.S. 436, 473-74 (1966).  "[T]he admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his 'right to cut off questioning' was 'scrupulously honored.'"  Michigan v. Mosley, 423 U.S. 96, 104 (1975) (citation omitted) (emphasis added); Weeks v. Commonwealth, 248 Va. 460, 470, 450 S.E.2d 379, 386 (1994).  "Whether a person's decision to remain silent has been 'scrupulously honored' requires an independent examination of the circumstances."  Pugliese v. Commonwealth, 16 Va. App. 82, 88, 428 S.E.2d 16, 21 (1993).  However, "[i]n making this determination, an appeals court is bound by the trial court's subsidiary factual findings unless those findings are plainly wrong."  Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992).

In Weeks, the Virginia Supreme Court adopted the "case by case approach to determine [if] continued questioning was appropriate after an initial refusal to answer questions" suggested by the United States Supreme Court in Mosley.  Weeks,

-

248 Va. at 471, 450 S.E.2d at 386. The Court further approved

and applied the five inquiries mentioned in Mosley as pertinent

to a resolution of the issue. Id.

> First, whether defendant "was carefully
> advised" before the initial interrogation
> "that he was under no obligation to answer
> any questions and could remain silent if he
> wished." Second, whether there was an
> immediate cessation of the initial
> interrogation, and no attempt to persuade
> defendant to reconsider his position.
> Third, whether the police resumed
> questioning "only after the passage of a
> significant period of time." Fourth,
> whether Miranda warnings preceded the second
> questioning. Fifth, whether the second
> interrogation was limited to a crime that
> had not been the subject of the earlier
> interrogation.

Id. (internal citations omitted).

Here, it is undisputed that defendant was properly advised

of his Miranda rights prior to the initial interview in

Albemarle County and voluntarily executed a related waiver.

However, after briefly discussing the crimes with police,

defendant clearly and unambiguously asserted his right to remain

silent, a decision immediately respected by the Albemarle County

detectives. Approximately two and one-half hours thereafter,

defendant was transported to Charlottesville, charged with other

offenses, once more advised of his Miranda rights and again

submitted to police interrogation.

At the inception of the second interview, Charlottesville

Police Sergeant Hudson emphasized the Albemarle County homicide,

-

the seriousness of the crime, the attendant "jam" confronting defendant and the need to truthfully address the charge.  The subsequent questioning repeatedly focused on the murder and related events, circumstances clearly the subject of defendant's prior assertion of his right to silence.  The trial court concluded such conduct violated defendant's constitutional right to remain silent and the related lessons of <u>Miranda</u>.  Applying the inquiries appropriate to a <u>Weeks</u> and <u>Mosley</u> analysis to the instant facts, our independent examination of the record confirms that Charlottesville police did not properly honor defendant's rights by resuming interrogation with respect to an offense then subject to his right to silence exercised only three hours previously.

   Accordingly, we affirm the disputed order and remand to the trial court for such further proceedings as deemed appropriate.

<u>Affirmed and remanded.</u>

-