COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


BRIAN JENNINGS HALE
                                             MEMORANDUM OPINION* BY
v.        Record No. 2382-04-4          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                OCTOBER 25, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

M. Andrew Gayheart (Gayheart & Willis, P.C., on brief), for
appellant.

Eugene Murphy, Assistant Attorney General (Judith Williams
Jadgmann, Attorney General, on brief), for appellee.


Brian Hale (appellant) appeals his conviction of rape in violation of Code § 18.2-61(A).

Appellant contends that the trial court erred by denying his motion to suppress statements he

made to police after invoking his right to remain silent.  Because we hold that appellant did not

manifest an unequivocal invocation of his right to remain silent, we affirm.

I.  BACKGROUND

At approximately 1:00 a.m. on January 11, 2004, Investigator James Mack of the

Culpeper Sheriff's Office came to appellant's home and asked if appellant would come to his

office.  Appellant agreed and stated "[S]ure, no problem."  At the sheriff's office, appellant was

taken to an interview room and read the Miranda warnings.  Appellant acknowledged that he was

willing to speak and that he understood his rights.  During the questioning, appellant had no

difficulty in understanding Investigator Mack, nor did he appear confused in any way.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Investigator Mack questioned appellant about a sexual encounter between appellant and the complainant. After a number of introductory questions, appellant began talking about an argument that he had with her and then remarked, "that's probably really all I can say." Investigator Mack continued to question appellant about the argument, and started to talk about physical violence. Appellant acknowledged they became physical after they both "snapped." At that point, Investigator Mack asked appellant, "can you tell me about that?" to which appellant replied "I'd rather not." The interview continued, and appellant made several incriminating admissions.

Appellant was indicted on a single count of rape in violation of Code § 18.2-61(A). Prior to trial, appellant filed a motion to suppress statements made during the police interview. The trial court heard evidence and argument on the motion to suppress. After reviewing the written and recorded statements of appellant, the trial court found that "based on the evidence," "the defendant did not make a clear and unambiguous assertion of his right to remain silent after he first waived his Miranda rights." The trial court explained: "the two statements pointed out by defense counsel would not make it apparent to a reasonable person of the defendant's desire to revoke his waiver of his right to remain silent." The trial court found that the first statement was simply a continuation of appellant's train of thought and the second statement was made in response to the officer's direct question, and merely indicated that appellant "wanted to proceed in another way." The trial court found that neither clearly stated that he wished to terminate the interview. After a bench trial, at which the statements sought to be suppressed were introduced, appellant was convicted of rape.

II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to suppress because appellant's statements indicated that he wished to exercise his right to remain silent and terminate the interview. We disagree.

The issue of whether appellant clearly manifested an intention to remain silent during a custodial interrogation is a mixed question of law and fact, calling for "'the application of a constitutional standard to the facts of a particular case, and in this context *de novo* review of that question is appropriate.'" Commonwealth v. Redmond, 264 Va. 321, 326, 568 S.E.2d 695, 697-98 (2002) (quoting United States v. Bajakajian, 524 U.S. 321, 336-37 n.10 (1998)). Therefore, the determination of what appellant actually said is "'a question of fact that we review only for clear error,'" but whether the words are sufficient to invoke the right to remain silent is a legal determination, reviewed *de novo*. Id. at 327, 568 S.E.2d at 698 (quoting United States v. Uribe-Galindo, 990 F.2d 522, 523 (10th Cir. 1993)). Additionally, on appeal from a denial of a suppression motion, "we view the evidence in the light most favorable to the Commonwealth." Mitchell v. Commonwealth, 30 Va. App. 520, 526, 518 S.E.2d 330, 333 (1999).

Initially we note that there is no dispute that statements in the transcript and statements considered by the trial court were a true reflection of what was stated during the interrogation. The dispute is over the legal effect of the two statements: "[T]hat's probably really all I can say" and "I'd rather not" in response to Investigator Mack's question, "[C]an you tell me about that?" We are "required to uphold the circuit court's determination unless the historical facts, as a matter of law, did not support the circuit court's conclusion" that appellant failed to invoke his right to remain silent. Commonwealth v. Hilliard, 270 Va. 42, 50, 613 S.E.2d 579, 585 (2005) (finding that an appellate court is limited to the issue of whether appellant's words were legally sufficient to invoke his rights and the court cannot conduct its own fact finding).

Where police read <u>Miranda</u> warnings to a defendant and the defendant knowingly and intelligently waives his or her constitutional rights, we presume that the waiver remains in effect "until the suspect manifests, in some way which would be apparent to a reasonable person, his or her desire to revoke it."

<u>Mitchell</u>, 30 Va. App. at 526-27, 518 S.E.2d at 333 (quoting <u>Washington v. Commonwealth</u>, 228 Va. 535, 548-49, 323 S.E.2d 577, 586 (1984)). Such a determination is a "purely objective inquiry." <u>Hilliard</u>, 270 Va. at 50, 613 S.E.2d at 584. It is only when an individual makes an unambiguous assertion of his right to remain silent must officers terminate the interview. <u>Mitchell</u>, 30 Va. App. at 527, 518 S.E.2d at 333. For example, "I don't got nothing to say," <u>United States v. Banks</u>, 78 F.3d 1190, 1197 (7th Cir. 1996), "I don't think I should say anything," <u>Burket v. Commonwealth</u>, 248 Va. 596, 609-10, 450 S.E.2d 124, 131-32 (1994), "Do I have to talk about it now?," <u>Akers v. Commonwealth</u>, 216 Va. 40, 45-46, 216 S.E.2d 28, 31-32 (1975), "[I don't] have anything more to say," <u>Green v. Commonwealth</u>, 27 Va. App. 646, 652-54, 500 S.E.2d 835, 838-39 (1998), and "I ain't got shit to say to y'all, " <u>Mitchell</u>, 30 Va. App. at 527, 518 S.E.2d at 333, have not been found to invoke the right to remain silent. The ultimate question of whether there was a clear revocation of the earlier waiver is one to be decided according to the totality of the circumstances. <u>Washington</u>, 228 Va. at 548, 323 S.E.2d at 586.

In the instant case, appellant stated, "[T]hat's probably really all I can say," after he described the argument that he had with the complainant. Later during the interview, when Investigator Mack asked appellant, "[C]an you tell me about that?" appellant replied "I'd rather not." Neither statement is an unequivocal invocation of the right to remain silent that would lead a reasonable person to believe that appellant had revoked his earlier <u>Miranda</u> waiver. As the trial court found, the first statement ends a sequence of thoughts and the second response is an

indication that appellant does not want to answer a particular question.  Neither statement

manifests an express revocation of his earlier waiver.[1]

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[1] Because we find that the trial court did not err in denying appellant's motion to suppress, we need not address the Commonwealth's alternative arguments that any error was harmless and appellant waived any objection to the error by introducing evidence of a similar kind at trial.