COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


LEON GARY NEWSOME

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0005-08-1                     JUDGE CLEO E. POWELL
                                                       FEBRUARY 10, 2009

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    William C. Andrews, III, Judge

        Ben Pavek (Office of the Public Defender, on brief), for appellant.

        Rosemary V. Bourne, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Leon Gary Newsome ("Newsome") appeals his convictions for murder in the second degree

and use of a firearm in the commission of a felony.  On appeal, Newsome contends that the trial

court erred in denying his motion to dismiss the charges against him for failure to provide a speedy

trial as required by Code § 19.2-243.  We hold Newsome failed to make a timely objection to the

trial date and, therefore, his statutory speedy trial rights were not violated.  As such, we affirm the

convictions.

                                    BACKGROUND

        On December 5, 2006, the General District Court for the City of Hampton found probable

cause that Newsome committed murder and used a firearm in the commission of a felony.  A

scheduling hearing was subsequently set for December 19, 2006.  At the December 19 scheduling

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hearing, the case was continued until January 5, 2007, on motion by the Public Defender, Newsome's counsel.

On January 4, 2007, the Hampton Circuit Court Docket Coordinator sent an email listing the dates available for trial to Newsome's counsel and the Commonwealth's attorney. Shortly thereafter, Newsome's counsel replied to the email, stating "[The dates] all look ok on this end." The Commonwealth's attorney then replied, asking if Newsome was willing to waive speedy trial. If not, the Commonwealth's attorney stated that he would "have to request an earlier trial date."

On January 5, 2007, the case was continued until January 11, 2007 on joint motion of Newsome's counsel and the Commonwealth's attorney. On January 10, 2007, Newsome's counsel responded to the January 4, 2007 email from the Commonwealth's attorney, stating:

> Although I am in no hurry to try the case and have plenty of work to do on it, I don't have a good reason to advise Mr. Newsome to waive speedy trial. . . . If you want to push for earlier dates in anticipation of a need to continue, I guess you can do that.

At the January 11, 2007 scheduling hearing, the court set the trial date for June 7, 2007, without objection from either party. Although Newsome was present at the hearing, his counsel, the Public Defender, was not. An Assistant Public Defender was instructed to stand in as counsel for purposes of the scheduling hearing.

On May 21, 2007, Newsome filed a motion to dismiss, claiming that the statutory speedy trial deadline expired on May 6, 2007. Following a hearing on May, 23, 2007, the trial court denied the motion. On June 4, 2007, Newsome sought and was granted a continuance to allow an expert to examine the evidence. He subsequently entered a conditional <u>Alford</u> plea on October 26, 2007.

## ANALYSIS

"When an accused asserts that he has been denied a speedy trial, the burden is on the Commonwealth to explain and excuse the delay." <u>Adkins v. Commonwealth</u>, 13 Va. App. 519,

521, 414 S.E.2d 188, 189 (1992). "The Commonwealth must prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'" Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (citation omitted).

Newsome's preliminary hearing was December 5, 2006; the first scheduling hearing was December 19, 2006. These fourteen days are counted against the Commonwealth for purposes of the speedy trial act. Then, on December 19, 2006, the case was continued on a motion by the defense until January 5, 2007. On January 5, 2007, Newsome agreed to another continuance until January 11, 2007. "Where a defendant moves for, or concurs in the continuance of a trial date, such action tolls the running of the speedy trial bar and that time is specifically excepted under the statute." Mitchell v. Commonwealth, 30 Va. App. 520, 528, 518 S.E.2d 330, 334 (1999) (citing Code § 19.2-243(4)). As such, the time period between December 19, 2006 through January 11, 2007 are excepted under the statute.

On January 11, 2007, the trial court set the trial date as June 7, 2007. Newsome concedes that the record does not reflect that any objection was raised to the trial court at that time.[1] "The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001). "When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." Id. at 393,

---

[1] The issue of whether the filing of the motion to dismiss acts as a timely objection was not raised before the trial court, and as such, we make no decision regarding that matter at this time. See Rule 5A:18.

541 S.E.2d at 908 (citing Commonwealth v. Hutchins, 260 Va. 293, 297-98, 533 S.E.2d 622, 624-25 (2000)).

In the present case, the record demonstrates that Newsome waited for over four months before filing his motion to dismiss on speedy trial grounds. At no time during that four-month period did Newsome or his counsel "make a timely objection" to the motion to set the trial for June 7, 2007, as required under Code § 19.2-243. As such, Newsome's failure to raise an objection to the trial date constitutes his acquiescence to the continuance. See Heath, 261 Va. at 394, 541 S.E.2d at 909. Therefore, Newsome's statutory speedy trial period was tolled from January 11, 2007 to June 7, 2007.

## CONCLUSION

Newsome failed to make a timely objection to the trial date, and as such, the time period cannot be attributed to the Commonwealth for purposes of statutory speedy trial under Code § 19.2-243(4). Therefore, the decision of the trial court is affirmed.

Affirmed.