COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, AtLee and Malveaux
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 0831-16-2          JUDGE RICHARD Y. ATLEE, JR.
                                      NOVEMBER 1, 2016

MARKCUS ANTHONY WHITE


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellant.

Brendan U. Dunning (Law Office of Brendan U. Dunning, P.C., on
brief), for appellee.

I.  BACKGROUND

The Circuit Court of Halifax County dismissed a charge against Markcus Anthony

White[1] "for failure to be tried within the amount of time set forth in the speedy trial statutes."

The Commonwealth appealed.  For the following reasons, we affirm the circuit court's decision.

II.  FACTS

"We view the evidence in a light most favorable to [White], the prevailing party below,

and we grant all reasonable inferences fairly deducible from that evidence."  Commonwealth v.

Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  Unless otherwise indicated, each

order discussed below was labeled a "Scheduling Order," and was signed by the circuit court

judge, the attorney for the Commonwealth, and White's attorney.  There are numerous apparent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] References in this opinion to "White" refer to the appellee, not the circuit court judge.

scriveners' errors throughout the orders at issue in this case. All of these errors are similar in that they are dated with the wrong year. Neither party claims that these incorrect dates are anything but scriveners' errors, and in each instance the context shows that they are, in fact, scriveners' errors. As such, we will note these errors and instruct the circuit court to correct them on remand. See Code § 8.01-428(B).

The Commonwealth charged White by warrant with one count of possessing cocaine with the intent to distribute, third or subsequent offense. On September 14, 2015, the General District Court of Halifax County conducted a preliminary hearing for this charge, found probable cause, and certified the charge to the grand jury. On that same day,[2] White endorsed a "Notice to Appear before Circuit Court of Halifax County, Virginia," acknowledging his obligation to appear in the circuit court on October 1, 2015.

The grand jury returned a true bill on October 1, 2015, but nothing indicates that White appeared in the circuit court that day. The next circuit court order is dated October 27, 2015. That order set the matter for November 12, 2015 for "Pre-trial Conference." The order of October 27, 2015 also contained a paragraph in which White agreed to waive "any applicable speedy trial objection." Between two lines of this paragraph is handwritten "until 11/12/15."

The next circuit court order was signed on November 12, 2015. This order is notable for failing to include the case number corresponding to the charge on appeal.[3] The order set the remaining matters for "Pre-trial Conference" on December 9, 2015. In this order, White waived any speedy trial objection without notation as to the duration of that waiver.

---

[2] Although the "Notice" is dated the "14th day of Sept., 2014," the context clearly indicates that it was signed on the 14th of September, 2015. Consequently, we instruct the circuit court, on remand, to correct the year to 2015, pursuant to Code § 8.01-428(B).

[3] Including the charge on appeal, White had five criminal cases pending in the circuit court at this time, as well as at least one probation violation matter.

An order dated December 9, 2015, set the case for January 7, 2016 for "Docket call (to be set)." Through counsel, White agreed to waive "any applicable speedy trial objection." Between two lines of this waiver paragraph is handwritten "until 1/7/16."

No court order memorializes what, if anything, occurred on January 7, 2016. The next order entered by the circuit court was dated February 10, 2016.[4] This order states that the matter "should now be set for . . . Docket Call/To Be Set . . . at 9:00 a.m. on the 4th day of February, 2016." Through counsel, White agreed to waive "any applicable speedy trial objection." Between two lines of this waiver paragraph is handwritten "until 2/4/16."

On March 11, 2016, White appeared in the circuit court with his attorney on a motion for bond. The circuit court entered an order denying the bond motion, indicating that "[t]he case is currently scheduled to be set for trial at the next docket call on April 7, 2016." No one endorsed this order other than the circuit court judge, and the order made no reference to speedy trial.

No court order memorializes what, if anything, occurred on April 7, 2016. The next order entered by the circuit court was dated April 19, 2016.[5] In that order, the circuit court set the case for a bench trial on May 13, 2016. The attorney for the Commonwealth, as well as White's attorney, endorsed the order under the phrase "We ask for this." However, the portion of the order addressing speedy trial appeared as follows (with italics indicating handwriting, and strikethroughs indicating language that was stricken through by hand):

> And the Defendant, ~~by~~ *through* counsel ~~and in person,~~
> agrees to set this matter as indicated herein ~~and, thereby, waives~~
> ~~any applicable speedy trial objection pursuant to the Virginia~~

---

[4] Although the "Scheduling Order" is dated "10th day of Feb., 2015," the context clearly indicates that it was signed on the 10th of February, 2016. Consequently, we instruct the circuit court, on remand, to correct the year to 2016, pursuant to Code § 8.01-428(B).

[5] Although the "Scheduling Order" is dated "19th day of April, 2015," the context clearly indicates that it was signed on the 19th of April, 2016. Consequently, we instruct the circuit court, on remand, to correct the year to 2016, pursuant to Code § 8.01-428(B).

> Constitution and § 19.2-243, of the Code of Virginia of 1950, and
> United States Constitution.

To the right of this paragraph are the handwritten letters "MT," the initials of White's attorney at the time.

On May 13, 2016, White and his attorney appeared in the circuit court, along with the attorney for the Commonwealth. White's attorney moved to withdraw. The circuit court granted the motion, and appointed new counsel for White.[6] The order reset the case for trial for May 17, 2016. The order did not address any waiver of White's speedy trial right, and only the circuit court judge signed the order.

On May 17, 2016, White moved the circuit court to dismiss the charge that is the subject of this appeal, based upon a violation of White's right to a speedy trial. After argument, and over the Commonwealth's objection, the circuit court dismissed the charge. The circuit court explained from the bench that it was dismissing the charge "for failure to be tried within the amount of time set forth in the speedy trial statutes." Trial then proceeded on White's remaining charges. The Commonwealth ultimately noted its appeal of the speedy trial ruling.

III. ANALYSIS

A. Standard of Review

The Code permits the Commonwealth to note appeals in limited circumstances, one of which is the circumstance presented by these facts: dismissal of an indictment due to a violation of a defendant's right to a speedy trial. See Code § 19.2-398(A)(1)(i). Our review of the circuit court's decision requires us to interpret a statute. We conduct this review *de novo*. See Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005). Even when conducting a

---

[6] To complicate matters further, this was the second time the circuit court had appointed new counsel for White. The circuit court had entered an order on April 27, 2016 granting another motion to withdraw. That appears to have been a simple agreed order, and did not affect speedy trial in any way, therefore we do not discuss it in detail.

- 4 -

*de novo* review, however, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

### B.  The Right to a Speedy Trial

Code § 19.2-243 is Virginia's speedy trial statute.  It states in part:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

White was held "continuously in custody" during all times relevant to this appeal.  "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days.  The Commonwealth is required to commence trial within that time."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).  The right to a speedy trial is not unlimited, however.  Code § 19.2-243 declares that the statute's restrictions

> shall not apply to such period of time as the failure to try the accused was caused:
>
> . . . .
>
> 4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

The duty to ensure compliance with the speedy trial statute is the Commonwealth's.  Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984) ("If a defendant is not tried within the time specified in Code § 19.2-243, the burden is on the Commonwealth to explain the delay.").  "An accused is not required to take any action to avail himself of his statutory right to a

- 5 -

speedy trial." Cantwell v. Commonwealth, 2 Va. App. 606, 611, 347 S.E.2d 523, 525 (1986).

Rather, he "may stand mute without waiving his right so long as his actions do not constitute a

concurrence in or necessitate the delay." Id. To determine which time periods leading to trial

date are chargeable to the Commonwealth and which to White, we must examine each of the

court orders between the finding of probable cause and the trial date.

### C. The Commonwealth's Argument

In support of its appeal, the Commonwealth relies upon Mitchell v. Commonwealth, 30

Va. App. 520, 518 S.E.2d 330 (1999). In that case, a panel of this Court observed:

> A defendant may agree to a general waiver of his or her statutory
> speedy trial rights, in which instance the accused foregoes his or
> her rights granted by Code § 19.2-243. Additionally, an accused
> may make a limited waiver of that right, in which instance the
> accused foregoes the statutory protection for a specified period of
> time. . . . While a defendant may request or concur in a
> continuance and simultaneously waive his statutory speedy trial
> rights, the two are separate and distinct. . . . A general waiver bars
> the defendant from raising a statutory speedy trial claim regarding
> any delay accrued before the waiver is revoked, if at all. A limited
> waiver, by its terms, will limit or specify the period to which it
> applies.

Id. at 528-29, 518 S.E.2d at 334. According to the Commonwealth's theory, we must presume

that each order containing a speedy trial waiver with a specific end date, but no specific

beginning date, constitutes a general waiver by White of his right to assert any speedy trial claim

for time accrued before the date of that order. By this logic, according to the Commonwealth,

"[t]he date the court entered the order had no legal significance; it very simply was not part of

the limit that the defendant imposed on his own general waiver." Appellant's Br. at 10. We

reject this overly-broad view of waivers.

White's waivers are distinguishable from those at issue in Mitchell. In Mitchell, the

waivers had neither a start date nor an end date; rather, they were broad declarations of waiver

without restriction. See Mitchell, 30 Va. App. at 530-32, 518 S.E.2d at 335-36 (reproducing two

- 6 -

orders at issue in that case). By contrast, on both October 27, 2015 and December 9, 2015, White executed valid waivers of his right to a speedy trial and included with those waivers explicit end dates. We find that both of those waivers were limited waivers, covering discrete periods of time. Those periods began on the day the orders were signed, and ended on the handwritten expiration dates, following the word "until." That leaves us to determine if the time for which there was no speedy trial waiver exceeds the statutory limit of "152 and a fraction days." Ballance, 21 Va. App. at 6, 461 S.E.2d at 403.

### D. Calculation of Time

#### 1. September 14, 2015 to October 27, 2015

The first period at issue is from September 14, 2015, the date of the preliminary hearing at which the general district court found probable cause, to October 1, 2015, the date on which the grand jury indicted White. None of the exceptions contained in the speedy trial statute are applicable to this period, thus this time counts against the Commonwealth, *i.e.*, it counts towards the five-month speedy trial total. The speedy trial "clock" begins running "on the day after the preliminary hearing at which probable cause is found." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998). In this case, the day after the preliminary hearing was September 15, 2015.

Although the grand jury returned a true bill on October 1, 2015, there is no indication that White appeared in the circuit court that day, and the next circuit court order is dated October 27, 2015. There was no waiver of speedy trial during the period from October 1, 2015 through October 27, 2015, nor any indication that the October 27, 2015 date was set on White's motion or with his concurrence. From September 15, 2015 through October 27, 2015 is forty-two (42) days, all of which count against the Commonwealth.

*2. October 27, 2015 to November 12, 2015*

The order dated October 27, 2015 set the case for November 12, 2015 for "Pre-trial Conference" and indicates that White waived his right to a speedy trial "until 11/12/15." The notation "until 11/12/15" provides an end date to the speedy trial waiver, but the order does not provide a start date. As discussed earlier, we find that this was a limited waiver, with a start date of October 27, 2015, the date the order was entered. Between October 27, 2015 and November 12, 2015, White waived his right to a speedy trial. This period therefore does not count against the Commonwealth. The total time run on the speedy trial clock for all periods to date remains forty-two (42) days.

*3. November 12, 2015 to December 9, 2015*

The next order was signed on November 12, 2015. As indicated earlier, however, this order neglected to include the case number corresponding to the charge on appeal. The order set several other matters for December 9, 2015 for "Pre-trial Conference," and White waived any speedy trial objection as to those charges. However, since the case number corresponding to the charge at issue on appeal was not included in this waiver, we conclude that the period from November 12, 2015 to December 9, 2015 counts against the Commonwealth. We do not find, based on the record before us, that the omission of that case number was a scrivener's error. The time run on the speedy trial clock for that period is twenty-seven (27) days. The total time run on the speedy trial clock for all periods to date is sixty-nine (69) days.

*4. December 9, 2015 to January 7, 2016*

On December 9, 2015, the case was set for January 7, 2016 for "Docket call (to be set)." The order indicates that White, through counsel, waived his right to a speedy trial "until 1/7/16." The notion "until 1/7/16" provides an end date to the speedy trial waiver, but the order does not provide a start date. As discussed above, we find that this was a limited waiver, with a start date

- 8 -

of December 9, 2015, the date the order was entered. Between December 9, 2015 and January 7, 2016, White waived his right to a speedy trial. This period therefore does not count against the Commonwealth. The total time run on the speedy trial clock for all periods to date remains sixty-nine (69) days.

### 5. *January 7, 2016 to February 4, 2016*

The circuit court entered the next order on February 10, 2016. This order states that it is setting the matter for "the 4th day of February, 2016" for "Docket Call/To Be Set." An order signed on February 10, 2016 setting a matter for a date that has passed makes no sense on its face, and can have no legal effect. Similarly nonsensical is the accompanying waiver of speedy trial "until 2/4/16." A waiver made operable on February 10, 2016 cannot act to waive a right "until 2/4/16." The speedy trial portion of this order is a nullity, because its end date predates the signature of the order.[7] To infer that the waiver was "meant" to begin where the previous waiver lapsed (January 7, 2016) asks too much of this Court.

The circuit court found the period from January 7, 2016 to February 4, 2016 was waived. This decision was plainly wrong. The circuit court stated: "In the light most favorable to the Commonwealth, it would be [waived] from January the 7th to February the 4th." App. at 73. There is no support in the case law or the Code for the standard of review recited by the circuit court. The Commonwealth has the burden to prove that a criminal defendant's speedy trial rights have not been violated. Stephens v. Commonwealth, 225 Va. 224, 231-32-30, 301 S.E.2d 22, 26 (1983) ("[W]hen a defendant challenges the delay as unreasonable, the burden devolves upon the Commonwealth to show, first, what delay was attributable to the defendant and not to be counted against the Commonwealth and, second, what part of any delay attributable to the prosecution was justifiable." (quoting Fowlkes v. Commonwealth, 218 Va. 763, 767, 240 S.E.2d 662, 664

---

[7] There is no *nunc pro tunc* language in the order.

(1978)). The circuit court erred when it viewed these facts in the light most favorable to the Commonwealth.

For these reasons, we hold that the period from January 7, 2016 through February 4, 2016 was chargeable to the Commonwealth. The time run on the speedy trial clock for that period is twenty-eight (28) days. The total time run on the speedy trial clock for all periods to date is ninety-seven days (97) days.

### 6. February 4, 2016 to April 19, 2016

The next order addressing speedy trial was signed on April 19, 2016. There is no indication that the April 19, 2016 date was set on White's motion or with his concurrence. "Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in the delay of his trial . . . the delay must be attributed to the Commonwealth." Cantwell, 2 Va. App. at 611, 347 S.E.2d at 526. Therefore the time from February 4, 2016 through April 19, 2016 was chargeable to the Commonwealth. The time run on the speedy trial clock for that period is seventy-five (75) days. The total time run on the speedy trial clock for all periods to date is one hundred seventy-two (172) days.[8]

### 7. April 19, 2016 to May 13, 2016

The April 19, 2016 order set the case for a bench trial on May 13, 2016. This was the first time the matter had ever been set for trial. The attorney for the Commonwealth, as well as White's attorney, endorsed the order under the phrase "We ask for this." However, the preprinted portion of the order waiving speedy trial is stricken through, such that the remaining language says "And the Defendant, through counsel, agrees to set this matter as indicated

---

[8] At this point, because no trial has commenced within "152 and a fraction days" from the date of a probable cause finding, White may no longer be prosecuted for the offense. Ballance, 21 Va. App. at 6, 461 S.E.2d at 403. However, we will complete our analysis of the time leading to the trial date.

herein." "The time elapsing from the finding of probable cause to the initial trial date, even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of [Code § 19.2-243], but counts against the Commonwealth in a calculation of compliance." Ballance, 21 Va. App. at 6, 461 S.E.2d at 403. For this reason, the period from April 19, 2016 through May 13, 2016 counts against the Commonwealth. The preprinted waiver language in the order which was stricken through evinces White's intent not to waive his right to a speedy trial, notwithstanding that the order reflects that White agreed to set the trial date and that his attorney signed under a heading saying "We ask for this."

For these reasons, the period from April 19, 2016 through May 13, 2016 counts against the Commonwealth. The time run on the speedy trial clock for that period is twenty-four (24) days. The total time run on the speedy trial clock for all periods to date is one hundred ninety-six (196) days.

### 8. *May 13, 2016 to May 17, 2016*

On May 13, 2016, White and his attorney appeared in the circuit court, along with the attorney for the Commonwealth. The circuit court granted White's attorney's motion to withdraw, appointed new counsel for White, and reset the case for trial for May 17, 2016. Although the order did not contain a waiver of White's right to a speedy trial, the delay caused by this continuance was properly attributed to White. The Commonwealth was prepared to try the case on May 13, 2016. Therefore the time between May 13, 2016 and the new trial date of May 17, 2016 does not count against the Commonwealth. The total time run on the speedy trial clock for all periods to date remains one hundred ninety-six (196) days.

### IV. CONCLUSION

In total, from the day after probable cause was found in the general district court until the May 17, 2016 trial date, one hundred ninety-six (196) days were chargeable to the

Commonwealth. The Commonwealth missed its speedy trial deadline of one hundred fifty-two (152) and a fraction days by more than forty (40) days. For that reason, the circuit court did not err when it dismissed the charge against White. We affirm the circuit court's decision, and remand for correction of the scriveners' errors.[9]

<u>Affirmed and remanded.</u>

---

[9] <u>See supra</u> notes 2, 4, and 5.