Alexandria

MARTIN H. CANTWELL

v.

COMMONWEALTH OF VIRGINIA

No. 0103-84

Decided August 5, 1986

COUNSEL

Peter L. Sissman, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Appellant Martin Cantwell was convicted on three charges of indecent exposure. The issues we must decide are: (1) whether the trial court properly allowed amendments to two of the five indictments against the appellant; and (2) whether the appellant was denied his statutory right to a speedy trial. We

affirm.

## I. Amending the Indictment

The appellant was charged in two indictments of violating Code § 18.2-370[1] with "being a person eighteen years of age or over, with lascivious intent, [who] did knowingly and intentionally expose his genital parts to a child under fourteen years of age." At a December 7, 1983, hearing on the appellant's motion for a bill of particulars before the Honorable William L. Winston, the Commonwealth moved to amend the indictments to add language that the complainant was a person to whom the appellant was not married. The court allowed the amendments over the appellant's objection. The appellant argues that the amendments improperly added an element to the original charge, and changed the nature or character of the offense charged in violation of Rule 3A:8(c) and Code § 19.2-231.

Code § 19.2-231 permits the court to amend an indictment at any time before the verdict is returned or a finding of guilt is made, provided that the amendment does not change the nature or character of the offense charged. This section is to be construed liberally. *Livingston* v. *Commonwealth*, 184 Va. 830, 839-40, 36 S.E.2d 561, 564 (1946).

The purpose of an indictment is to give the accused notice of the nature and character of the offense charged. *Hairston* v. *Commonwealth*, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986). The requirements of an indictment are prescribed by Code § 19.2-220, which provides that an indictment shall be a "plain, concise, and definite written statement . . . describing the offense charged." Rule 3A:6(a) requires the indictment to "cite the statute or ordinance that defines the offense." These provisions clearly contemplate incorporation by reference of the statute or ordinance cited in the indictment. *See Wall Distributors, Inc.* v. *Newport News*, 228 Va. 358, 362, 323 S.E.2d 75, 77 (1984). Clearly, an element of the offense of indecent exposure is that the defendant not be married to the child. Supported by the reference

---

[1] Code § 18.2-370 reads, in pertinent part: "Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally . . . [e]xpose his or her sexual or genital parts to any child under the age of fourteen years to whom such person is not legally married . . . shall be guilty of a Class 6 felony."

to the statute, the indictments adequately informed the accused of the nature and character of the offenses charged and satisfied the requirement of a definite written statement. Thus, adding the words "to whom he was not married" was a permissible, although unnecessary, amendment. The amendment neither changed the nature or character of the offense charged nor resulted in surprise or prejudice to the accused.

## II.  Speedy Trial

Appellant's speedy trial claim arises from the following chronology: The appellant has been continuously in custody on the criminal charges in this appeal since his arrest on October 24, 1983. A grand jury returned five indictments against him on November 21, 1983. A trial date of January 26, 1984, was set on two indictments which are not part of this appeal. The remaining cases were continued for disposition to January 31, 1984. On January 12, 1984, the appellant presented to the Honorable Thomas R. Monroe various motions pertaining to all five cases, including a suppression motion, with supporting memoranda. All parties agreed that the trials scheduled for January 26 and 31 would have to be postponed until February 14, 1984, because of the time necessary to consider the appellant's motions, and that the motions would be heard on February 1, 1984. Shortly before February 14, 1984, at which time Judge Monroe still had the motions under advisement, the Commonwealth requested a continuance until March 21, 1984. The appellant did not object and the trial date was continued until March 21. At this point, the trial date as set was still within the five month period required by statute.[2] On March 19, 1984, Judge Winston ordered a continuance of all cases until May 1, 1984. Counsel for the appellant objected, asserting the appellant's right to a speedy trial. On April 24, 1984, Judge Monroe decided and granted the appellant's motion to sup-

---

[2] Code § 19.2-243 provides, in pertinent part:

Where a general district court has found that there is probable cause to believe the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if there be no trial commenced in the circuit court within five months from the date such probable cause was found by the district court . . . . If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the [five month period] . . . shall be from the date an indictment or presentment is found against the accused.

press. On April 27, 1984, the Commonwealth moved for leave to file a motion for reconsideration and for a continuance of the May 1 trial date. Over the appellant's objection, the court granted the motion for reconsideration and the continuance and set a new trial date of June 4, 1984. Prior to the June 4 trial, Judge Monroe reversed his earlier decision and denied the motion to suppress.

On June 4, the Honorable Charles H. Duff heard the parties' arguments on the motion to dismiss for the lack of a speedy trial, and denied the motion. One of the five charges was then "nol prossed" and one was dismissed. After entering pleas of not guilty, the appellant and the Commonwealth stipulated that the Commonwealth's evidence was sufficient to support a finding of guilt beyond a reasonable doubt on three charges of indecent exposure. The appellant was found guilty on each charge, and on December 10, 1984, he was sentenced on those charges.

Both parties agree that the crucial dates for the purpose of the speedy trial issue are March 21 - May 1, the time period which elapsed due to the court-ordered continuance to which the appellant objected. If that time period is not counted for speedy trial purposes the appellant was brought to trial within the five months required by statute.

Code § 19.2-243 sets forth five circumstances that excuse the failure to try an accused within the prescribed time period, including those instances where the delay was caused by continuance granted on the motion of the accused, or by his concurrence in a motion by the Commonwealth. The enumerated exceptions are not all-inclusive; others of a similar nature may be implied. *Stephens* v. *Commonwealth*, 225 Va. 224, 230, 301 S.E.2d 22, 27 (1983). The exceptions, both express and implied, often look to the defendant's actions which tend to delay the trial. *See, e.g., Stephens*, 225 Va. at 232-33, 301 S.E.2d at 26-27; *Butts* v. *Commonwealth*, 145 Va. 800, 807-08, 133 S.E. 764, 767-68 (1926).

In *Stephens*, which the Commonwealth cites as controlling, the Court held that although the defendant did not request a continuance, his filing a motion to suppress was responsible for the delay because "he was the moving party in a proceeding which necessitated the continuance." 225 Va. at 233-34, 301 S.E.2d at 27. Consequently Stephens was not permitted to take advantage of the delay in his assertion of a speedy trial violation. Similarly, the

Commonwealth asserts, in this case the court-ordered continuance was necessitated by the extensive motions filed by the appellant which had not been decided by the court.

The appellant argues that *Stephens* is distinguishable from the present case in that (1) the defendant in *Stephens* did not object to pre-trial delay and assert his speedy trial rights, and (2) the record in *Stephens* indicated that the delay was attributable to the defendant's motion to suppress. Here, the appellant asserts, the record is silent as to the court's reasons for continuing the trial until May 1, 1984.

The fact that the appellant here affirmatively asserted his right to a speedy trial in objecting to the continuance is not a distinction from *Stephens* which compels a different result. An accused is not required to take any action to avail himself of his statutory right to a speedy trial. The affirmative duty to act in bringing about a speedy trial rests with the Commonwealth, and the accused may stand mute without waiving his right so long as his actions do not constitute a concurrence in or necessitate the delay. *Godfrey* v. *Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984); *Walker* v. *Commonwealth*, 225 Va. 5, 9, 301 S.E.2d 28, 31 (1983); Code § 19.2-243.

In Virginia, when a defendant asserts that he has been denied a speedy trial, the burden is on the Commonwealth to explain the delay. *Godfrey*, 227 Va. at 463, 317 S.E.2d at 782. In assessing responsibility for delay in trying a defendant, we must confine our review to the record that comes before us. "Courts act by orders and decrees that become a part of the record on appeal. Continuances in criminal cases, therefore, must be documented to enable us to review and evaluate them when they are challenged." *Godfrey*, 227 Va. at 464, 317 S.E.2d at 783. Ideally, the court's order should specify the reasons for continuances or failure to try within the statutory time limit and state the positions of the parties with regard to that order. Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in the delay of his trial, or instigated a proceeding which of necessity brought about a delay of his trial, the delay must be attributed to the Commonwealth. *Id.; see also Walker* v. *Commonwealth*, 225 Va. at 11-12, 301 S.E.2d at 31.

The order entered March 29, 1984, continuing the trial from March 21, 1984, to May 1, 1984, is silent as to the reasons for the continuance. However, we find that the complete record[3] is sufficient to show that the March continuance was ordered because all the appellant's motions of January 12 had not been decided. Two weeks before the first trial date, the appellant submitted to the court six motions and over thirty pages of supporting memoranda. An order was entered on January 30, 1984, concerning three of the motions. The motion to suppress, which raised eight issues and was accompanied by a twenty-two page supporting memorandum, was not decided until April 24, 1984. The motion to suppress was not a frivolous motion, or one without substance, as was indicated by the court's initial decision to grant the motion. It is not disputed that the motion to suppress presented a difficult issue to the trial judge, requiring his considered and careful attention. This is further evidenced by the court's later reconsideration and reversal of its suppression ruling. In the June 4 hearing on the appellant's motion to dismiss for failure to timely prosecute, the appellant's counsel conceded that implicit in the judge's decision to continue the trial was the fact that the motion to suppress had not been decided.

As the Court noted in *Stephens*:

When the defendant filed his motion to suppress he was not asking for a speedy trial. It was an act which necessitated a slowdown of the judicial process. What the defendant desired was favorable action on this motion and dismissal of the prosecution. At that stage, defendant did not seek a trial on the merits of his case but rather a final disposition of the

---

[3] Rule 5A:7 provides in pertinent part as follows:

The following constitute the record on appeal from the trial court:

(1) the original papers and exhibits filed or lodged in the office of the clerk of the trial court, including any report of a commissioner in chancery and the accompanying depositions and other papers;

\* \* \*

(4) the original draft or a copy of each order entered by or presented to the trial court;

(5) any opinion or memorandum decision rendered by the judge of the trial court;

\* \* \*

(7) the transcript of any proceeding or a written statement of facts, testimony, and other incidents of the case when made a part of the record as provided in Rule 5A:8.

case on his pretrial motion. Obviously he was pinning all his hopes upon the strength of his arguments, oral and written, made to the trial judge in support of his motion to suppress, and he did not want precipitate action. He wanted careful consideration by the court.

225 Va. at 233-34, 301 S.E.2d at 27. The filing of motions by a defendant will not in every case justify a delay beyond the time required by Code § 19.2-243 to bring him to trial. When the legislature prescribed the time period in which a defendant should be brought to trial, it necessarily envisioned that discovery and other pretrial motions would be made and decided within that time frame. The burden is always upon the Commonwealth to show that any delay was justified under one of the exceptions, express or implied, to Code § 19.2-243. In this case, we find from the record that the motions filed by the appellant were responsible for the court-ordered continuance from March 21 to May 1, and that given the nature and complexity of the motion to suppress and the numerous issues which it raised, the time taken by the trial judge to consider and decide the motion was not unreasonable. We cannot allow the appellant to take advantage of the delay which was necessitated by his own action. The provisions of Code § 19.2-243 therefore do not bar these convictions. Appellant claims no violation of his Sixth Amendment right to a speedy trial.

The convictions appealed from are affirmed.

*Affirmed.*

Baker, J., and Keenan, J., concurred.