Charlottesville

JEFFREY SCOTT ADKINS

v.

COMMONWEALTH OF VIRGINIA

No. 1443-90-3

Decided January 21, 1992

520

COUNSEL

Thomas W. Dixon, Jr. (Nelson, Mcpherson, Sumers and Santos, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Jeffrey Scott Adkins was convicted in a jury trial of breaking and entering in violation of Code § 18.2-90, four counts of robbery in violation of Code § 18.2-58, four counts of use of a firearm during the commission of a felony in violation of Code § 18.2-53.1, and sodomy by force in violation of Code § 18.2-67.1.[1] In this appeal, he contends that the trial court erred by refusing to dismiss these ten indictments against him because the Commonwealth failed to provide him a speedy trial within the time specified by Code § 19.2-243. Because Adkins was held continuously in custody from his arrest until trial, the Commonwealth was obligated to commence his trial within five months from the date of his preliminary hearing. The Commonwealth failed to commence Adkins' trial within five months. Unless the reasons for the delay are attributable to Adkins, the prosecution is barred. We find no evidence in the record to support the trial court's finding that the delay in trying Adkins was attributable to him. Accordingly, we reverse his convictions for these offenses and dismiss the indictments.

---

[1] In a separate jury trial, Adkins was convicted of two counts of abduction in violation of Code § 18.2-47, two counts of abduction with the intent to defile in violation of Code § 18.2-48, aggravated sexual battery in violation of Code § 18.2-67.3, and illegally wearing a mask in violation of Code § 18.2-422, for which he was sentenced to two life terms plus forty-five years in the penitentiary. He does not contest his convictions for these six crimes.

Code § 19.2-243 provides, in pertinent part:

Where a general district court has found that there is proba-
ble cause to believe that the accused has committed a felony,
the accused, if he is held continuously in custody thereafter,
shall be forever discharged from prosecution for such offense
if no trial is commenced in the circuit court within five
months from the date such probable cause was found by the
district court.

The district court held the preliminary hearing for Adkins on
December 7, 1989, and found probable cause that Adkins com-
mitted the robbery (four counts), breaking and entering (one
count), use of a firearm during the commission of a felony (four
counts), and sodomy by force (one count). Thus, pursuant to
Code § 19.2-243, the Commonwealth had five months—until
May 7, 1990—in which to bring Adkins, who remained in custody
throughout the pre-trial period, to trial.

Code § 19.2-243 delineates circumstances which will ex-
cuse the Commonwealth's delay in trying an accused within the
five month time period. The specified reasons for excusable delay
listed in the statute are not exclusive; other similar circumstances
may excuse delay in trying the accused within the designated
time. *See Stephens v. Commonwealth*, 225 Va. 224, 230, 301
S.E.2d 22, 25 (1983). When an accused asserts that he has been
denied a speedy trial, the burden is on the Commonwealth to ex-
plain and excuse the delay. *Godfrey v. Commonwealth*, 227 Va.
460, 463, 317 S.E.2d 781, 782 (1984).

Here, the trial court, at a hearing held on May 24, 1990,
found that a fifty day delay was attributable to Adkins' motion to
suppress evidence. Based on that finding, the trial court held that
no statutory speedy trial violation had occurred. The trial court
based its finding on testimony presented at the speedy trial hear-
ing from Sergeant Ken Hite of the Augusta County Sheriff's
Department. Sergeant Hite testified that he was present at a Jan-
uary 22, 1990, bench conference at which defense counsel in-
formed the trial judge that he intended to file suppression motions
and asked the court to schedule a suppression hearing. Hite testi-
fied that the trial judge mentioned the possibility of a problem
concerning a speedy trial, but that defense counsel stated that a
speedy trial would not be an issue. No order was entered following

the January 22, 1990, bench conference.

■ "In assessing responsibility for delay in trying a defendant, we must confine our review to the record that comes before us." *Cantwell v. Commonwealth*, 2 Va. App. 606, 611, 347 S.E.2d 523, 525-26 (1986). "Representations of counsel, or even of the trial judge [of the reasons for the delay], if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal." *Godfrey*, 227 Va. at 464, 317 S.E.2d at 783.

The record contains no orders or docket entries explaining the reason for the delay in beginning the trial or supporting the trial judge's finding that the fifty day delay was attributable to Adkins. No orders were entered granting continuances or showing why the case was not scheduled for trial within five months. Sergeant Hite's testimony at the May 24, 1990, hearing—a hearing that took place after the five month period expired—does not provide a record to support the judge's ruling. Representations of counsel or recollections of the trial judge not supported by the record are insufficient to excuse a delay. *Id.* The testimony of a deputy sheriff is equally insufficient. The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record. To do so would diminish the sanctity of the court's records. The record of proceedings in a court of record cannot be left to the vagaries of a swearing contest between witnesses. Such is an insufficient basis to establish why delay occurred which prevented a criminal defendant from receiving a speedy trial. *See Godfrey*, 227 Va. at 464, 317 S.E.2d at 783.

Alternatively, the Commonwealth contends that, even if the record is insufficient to show that Adkins' counsel waived the statutory right to a speedy trial, the record shows that the delay was attributable to the time consumed in disposing of Adkins' suppression motion. In *Cantwell*, we upheld a trial court's finding that, because a substantial period of delay was caused by the defendant filing a complex suppression motion, the time necessary for the judge to consider and rule on the issues was attributable to the defendant. In *Cantwell*, the record clearly established that the delay was attributable to the motion to suppress, accompanied by a twenty-two page legal memorandum, that raised eight difficult issues for the trial judge. However, as we were careful to note in *Cantwell*, "[t]he filing of motions by a defendant will not in every

case justify a delay beyond the time required by Code § 19.2-243 to bring him to trial." *Cantwell*, 2 Va. App. at 613, 347 S.E.2d at 526.

■ Code § 19.2-243 envisions that routine and customary motions will be raised and disposed of within the time provided. Here, nothing in the record suggests that the fifty day delay was necessitated by, or attributable to, Adkins' motion to suppress. Although the evidence presented by Sergeant Hite indicated that defense counsel orally made known to the trial judge and Commonwealth's attorney on January 22 that he intended to file a suppression motion, no such motion was filed. According to the transcript, Adkins' counsel orally made a motion to suppress at the March 13, 1990, hearing. Neither party filed a memorandum on the issues presented. The motion raised no particularly difficult issues, and the trial judge ruled upon and denied the motion on the same day at the conclusion of the hearing. The record fails to show that the motion to suppress was responsible for any significant delay.

Accordingly, we hold that the trial court erred in finding that the fifty day delay between January 22 and March 13 is attributable to Adkins' motion to suppress. Consequently, the Commonwealth failed to commence Adkins' trial within the mandatory time provided by Code § 19.2-243. Accordingly, the convictions are reversed, and Adkins is discharged from further prosecution on the charges.

*Reversed and dismissed.*

Barrow, J., and Moon, J., concurred.