COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Petty, Alston and Russell
Argued at Lexington, Virginia


LEE ANTONIO TURNER
                                                           OPINION BY
v.        Record No. 1284-16-3                    JUDGE WILLIAM G. PETTY
                                                          AUGUST 8, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Charles L. Ricketts, III, Judge

Eric M. Anderson, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lee Antonio Turner argues on appeal that, because of the Commonwealth's violation of

the speedy trial statute, the trial court erred in denying his motion to dismiss the felony

indictment against him, along with an ancillary misdemeanor charge. We agree regarding the

felony conviction,[1] but affirm the misdemeanor conviction.

BACKGROUND

Turner was arrested for felony assault and battery of a family member, third offense, in

violation of Code § 18.2-57.2 and for misdemeanor use of profane, threatening, or indecent

language over public airways in violation of Code § 18.2-427. He was continually held in

custody for the duration of the prosecution. On October 14, 2015, after a preliminary hearing,

------

[1] Turner also argues regarding the felony conviction that the trial court erred in admitting
a warrant, erred in admitting two prior convictions, and erred in finding the evidence sufficient to
convict him of assault and battery of a family member, third offense, in violation of Code
§ 18.2-57.2. Because we resolve the appeal on the speedy trial grounds, we do not address the
other assignments of error.

the Augusta County Juvenile and Domestic Relations District Court certified the felony charge to the grand jury and, at the same time, certified the ancillary misdemeanor to the circuit court pursuant to Code § 19.2-190.1. On November 23, 2015, the grand jury indicted Turner for the felony offense. On the same day, Turner filed with the trial court a motion *in limine*[2] to exclude two prior convictions from the juvenile and domestic relations district court. Turner argued the convictions could not qualify as the predicate convictions for the "third offense" element of the crime for which he was indicted; they were therefore irrelevant and consequently inadmissible. A hearing on the motion was originally set for January 22, 2016, but the court was closed that day due to inclement weather. The hearing was rescheduled, and the trial court heard oral argument on the motion on February 8, 2016. At the conclusion of that hearing, the trial court took the motion under advisement. The trial court issued a letter opinion on February 16, 2016, denying Turner's motion to exclude and asking defense counsel to prepare the order. The order, noting defense counsel's objection, was entered on March 11, 2016.

The trial court scheduled a hearing on April 15, 2016, to set an initial trial date. During that hearing, Turner objected to the setting of any trial date because the speedy trial time had run. The trial court entered a continuance order on April 20, 2016, setting the case for trial on May 2, 2016. The order noted Turner's speedy trial objection and continued argument on that objection to May 2. On May 2, Turner argued the indictment should be dismissed because the Commonwealth failed to commence Turner's trial within the time set by Code § 19.2-243. The trial court denied Turner's motion. The trial court subsequently found Turner guilty; this appeal followed.

---

[2] Although Turner styled his motion a "Motion to Exclude," it constituted a motion *in limine*. A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Motion *in limine*, Black's Law Dictionary (10th ed. 2014).

ANALYSIS

A. MISDEMEANOR CONVICTION

We first address Turner's appeal of the ancillary misdemeanor conviction of using

profane, threatening, or indecent language over public airways in violation of Code § 18.2-427.

Code § 19.2-243 provides that

> [w]here a case is before a circuit court on appeal from a conviction
> of a misdemeanor . . . in a district court, the accused shall be
> forever discharged from prosecution for such offense if the trial de
> novo in the circuit court is not commenced . . . within five months
> from the date of the conviction if the accused has been held
> continuously in custody . . . .

Here, however, the accused was never convicted in the district court. Instead the district court

certified the ancillary misdemeanor to the circuit court pursuant to Code § 19.2-190.1, which

states, "Upon certification of any felony offense pursuant to this chapter, the court shall also

certify any ancillary misdemeanor offense to the clerk of the circuit court provided that the

attorney for the Commonwealth and the accused consent to such certification." Code § 19.2-243

is silent on when speedy trial time requirements commence when a misdemeanor is so certified.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law,

the argument, and the authorities relating to each question presented.' Unsupported assertions of

error 'do not merit appellate consideration.'" Bartley v. Commonwealth, 67 Va. App. 740, 744,

800 S.E.2d 199, 201 (2017) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d

343, 345 (2008)). Although Turner listed both the felony and misdemeanor convictions in his

notice of appeal, he makes no legal argument in his opening brief regarding the computation of

speedy trial time for an ancillary misdemeanor and does not argue any other grounds for

reversing the misdemeanor conviction. Turner's lone statement, which appears in the reply brief,

that the ancillary misdemeanor "is implicated in this [speedy trial] assignment of error" is not

sufficient to meet the requirements of Rule 5A:20(e).[3] Turner's "failure to provide us with legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view his alleged error." Id. at 746, 800 S.E.2d at 202. Because we consider such lack of legal argument and authority significant in resolving the issue, we deem the argument waived. Id. Accordingly, we affirm Turner's misdemeanor conviction for Code § 18.2-427, and limit our discussion to Turner's appeal of his felony conviction.

## B. FELONY CONVICTION

In cases involving statutory speedy trial issues, the reviewing court gives deference to the trial court's findings of fact, but reviews *de novo* the trial court's interpretation and application of Code § 19.2-243. Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010). Code § 19.2-243 provides:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court[.]

"The five-month requirement of Code § 19.2-243 translates to 152 and a fraction days. The Commonwealth is required to commence trial within that time." Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). However, the speedy trial period is tolled where the delay is caused

> [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

---

[3] Turner makes no argument that the other assignments of error implicate the appeal of the misdemeanor conviction.

Code § 19.2-243(4).  "[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth."  Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998)).  "The time elapsing from the finding of probable cause to the initial trial date, even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of the statute, but counts against the Commonwealth in a calculation of compliance."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).  But cf. Commonwealth v. Hutchins, 260 Va. 293, 533 S.E.2d 622 (2000) (holding that speedy trial requirements are not violated when the defendant affirmatively agrees without objection to an initial trial date beyond the five-month deadline).  Moreover, "Code § 19.2-243 envisions that routine and customary motions will be raised and disposed of within this [speedy trial] time provided."  Adkins v. Commonwealth, 13 Va. App. 519, 523, 414 S.E.2d 188, 190 (1992).  In contrast, where complex or last-minute motions necessitate a delay in the judicial process, the delay will be attributed to the defendant.  Cantwell v. Commonwealth, 2 Va. App. 606, 612, 347 S.E.2d 523, 526 (1986) (concluding the record clearly established that the delay was attributable to defendant's filing, two weeks before trial, of six motions raising eight difficult issues for the trial judge); see also Perry v. Commonwealth, No. 160530, 2017 Va. Unpub. LEXIS 12 (Va. May 18, 2017) (attributing delay to defendant because defendant's last-minute demand for a jury trial "necessitated a slowdown of the judicial process" when "the trial court had no choice but to extend the requisite time to empanel a jury and provide notice to witnesses to appear on a different date").

In Virginia an affirmative duty rests on the Commonwealth to ensure a defendant is tried within the time limit mandated by Code § 19.2-243.  See Moten, 7 Va. App. at 441-42, 374 S.E.2d at 706.  "A defendant does not waive his right to a speedy trial merely because he remains

silent or does not demand that a trial date be set within the prescribed period." Godfrey v.

Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 783 (1984).

> [I]t is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice; it is the prosecution which has the duty of implementing the constitutional guarantee of a speedy trial . . . . We believe, therefore, that when a defendant challenges the delay as unreasonable, the burden devolves upon the Commonwealth to show, first, what delay was attributable to the defendant and not to be counted against the Commonwealth and, second, what part of any delay attributable to the prosecution was justifiable.

Stephens v. Commonwealth, 225 Va. 224, 231-32, 301 S.E.2d 22, 26 (1983) (quoting Fowlkes v.

Commonwealth, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978)).

"In assessing responsibility for delay in trying a defendant, we must confine our review to the record that comes before us." Cantwell, 2 Va. App. at 611, 347 S.E.2d at 525-26. "An order granting a continuance speaks for itself, and the record must reflect the reason for any delay of defendant's trial." Godfrey, 227 Va. at 463, 317 S.E.2d at 783 ("Courts act by orders and decrees that become a part of the record on appeal. Continuances in criminal cases, therefore, must be documented to enable us to review and evaluate them when they are challenged."); Heath, 32 Va. App. at 181, 526 S.E.2d at 800-01 ("To decide the question presented, we look to the court's orders explaining the delays in proceeding to trial."). "Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in the delay of his trial, or instigated a proceeding *which of necessity* brought about a delay of his trial, the delay must be attributed to the Commonwealth." Cantwell, 2 Va. App. at 611, 347 S.E.2d at 526 (emphasis added).

It is undisputed that the period between Turner's preliminary hearing and his initial trial date was 201 days. In the absence of tolling, the Commonwealth was required to commence the trial within five months from the October 14, 2015 preliminary hearing, or by March 14, 2016.

Here, there is no evidence in the record that the Commonwealth requested that a trial date be set within the speedy trial timeframe.[4] "No orders were entered granting continuances [before the time for speedy trial expired] or showing why the case was not scheduled for trial within five months." Adkins, 13 Va. App. at 522, 414 S.E.2d at 189 (dismissing on speedy trial grounds). The April 20, 2016 order establishing the initial trial date was the first ordered continuance in the record,[5] and Turner objected at that time. By April 20, the speedy trial time limit had already run on Turner's case.

Nevertheless, quoting Stephens, 225 Va. at 233-34, 301 S.E.2d at 27-28, the Commonwealth argues that Turner's motion *in limine* tolled the speedy trial time clock because Turner was the "moving party in a proceeding which necessitated the continuance, and he should not be permitted to take advantage of the delay thus occasioned." The Commonwealth argues that rather than setting a trial date, the court set a date to hear Turner's motion. It argues that the delay between the filing of the motion and its resolution should accordingly be charged to Turner. The Commonwealth's reliance on Stephens is misplaced.

In Stephens, the defendant filed a motion to suppress evidence. After a hearing, the trial court took the issue under advisement and entered an order continuing the case. Id. at 224, 301 S.E.2d at 24. The prosecutor "insist[ed] that at all times he ha[d] been ready to try defendant's cases and on one or more occasions asked that trial dates be set." Id. at 232, 301 S.E.2d at 26. Furthermore, in Stephens, the Court "conclu[ded] that the continuance granted by order of the

---

[4] Because no trial date had ever been set, Code § 19.2-243(4), which requires a defendant to affirmatively object to a *continuance* requested by the Commonwealth, does not apply to toll the running of the speedy trial clock. See Howard v. Commonwealth, 281 Va. 455, 460, 706 S.E.2d 885, 888 (2011) (applying Code § 19.2-243(4) and concluding that "*[o]nce the initial trial date is set*, every continuance postpones the trial date regardless of the reason for the continuance or the identity of the moving party" (emphasis added)).

[5] The only order in the record dated prior to the April 20, 2016 order is the March 11, 2016 order denying Turner's motion to exclude, which did not mention a continuance.

lower court . . . was 'agreed to' and 'concurred in' by both the Commonwealth's Attorney and the defendant and that this [wa]s reflected by the order and the record." Id. at 234, 301 S.E.2d at 28. In contrast, here the Commonwealth never sought a trial date within the speedy trial timeframe and Turner never agreed to a continuance ordered by the trial court.

Moreover, the Commonwealth's reliance on Stephens is misplaced in light of Robbs v. Commonwealth, 252 Va. 433, 478 S.E.2d 699 (1996). In Robbs, the Supreme Court addressed the effect of a defendant's motion to suppress on the defendant's right to a speedy trial and distinguished Robbs from Stephens. As in Stephens, the defendant in Robbs filed a motion to suppress evidence. The trial court heard and orally overruled the motion twenty days later. Id. at 435, 478 S.E.2d at 699. The question before the Court was whether the twenty days between the defendant's filing of the motion and the trial court's ruling on it were attributable to the defendant for speedy trial purposes. The Court distinguished Stephens, concluding that "[n]othing in the record show[ed] that 'the filing of the motion necessitated a slow-down of the judicial process.'" Id. at 436, 478 S.E.2d at 700. The Court reasoned that at the time of the defendant's motion, "the case had not yet been set for trial and the filing of [the defendant's] motion did not necessitate a continuance of the trial date (as in Stephens)." Id. The Court concluded that the time period between filing of the motion and resolution by the trial court should not be attributed to the defendant "[s]ince the record fail[ed] to show that the motion delayed the court in setting the case for trial." Id.

Here, as in Robbs, the record fails to show that Turner's motion delayed the trial court in setting the case for trial. Turner's motion *in limine* regarding the admissibility of Turner's prior convictions could have been raised during the trial, or the trial court could have taken the motion under advisement until it heard the evidence presented during the trial. Simply put, the commencement of the trial was not dependent upon the outcome of the motion. Moreover, as in

- 8 -

Robbs, no trial date had yet been set during the pendency of the motion. "Since the matter had not been set for trial, neither the accused nor the attorney for the Commonwealth had any reason to move for a continuance." Nelms v. Commonwealth, 11 Va. App. 639, 642, 400 S.E.2d 799, 801 (1991) (dismissing on speedy trial grounds). Thus, in contrast to Stephens, Turner did not agree to a court-ordered continuance.

Nevertheless, the Commonwealth argues that this case is similar to Heath v. Commonwealth, 261 Va. 389, 541 S.E.2d 906 (2001), where the defendant's motion for a psychiatric evaluation tolled the speedy trial period. The Commonwealth argues that, as in Heath, Turner's motion had to be resolved before the trial commenced because the trial court's decision would determine what charges the Commonwealth would seek. The Commonwealth argues that, as in Heath, the fact that a trial date had not yet been set was irrelevant because Turner's motion *in limine* was for Turner's benefit and the delay should therefore be attributed to Turner. In Heath, the trial court found "that the record does not disclose, and the defendant does not claim, that the defendant objected to the action of the court in fixing the trial date [past the speedy trial deadline]." Id. at 392, 541 S.E.2d at 908. Moreover, the Court in Heath found that the defendant's "motion affirmatively demonstrated that he was not ready for trial and could not proceed until he received the results of his psychiatric examination . . . . [M]anifestly, a trial could not have been held as long as the issue of [the defendant's] mental competency remained unresolved." Id. at 393, 541 S.E.2d at 909.

As in Robbs, and in contrast to Heath, Turner expressly objected on speedy trial grounds to the Commonwealth's initial trial date. Further, the admissibility issue here is quite different than the mental evaluation to determine competency at issue in Heath. Turner's motion was a routine and customary one. See Adkins, 13 Va. App. at 522, 414 S.E.2d at 190. Although the Commonwealth suggests Turner's motion had to be resolved before it could determine what

charges to bring, the grand jury had already indicted Turner for felony assault and battery on a family or household member, third offense. Therefore, the resolution of the motion did not have any bearing on the offense for which he had already been indicted, but rather would determine if the Commonwealth, in the words of the trial court, lacked "sufficient evidence to go forward on the felony charge because these [purported convictions] cannot be used for predicate offenses." The trial court recognized that granting the motion to exclude "would simply reduce the charge from a felony to a misdemeanor." In contrast to Heath, Turner's motion did not manifestly require that the trial be delayed, and nothing here prevented the Commonwealth from requesting a trial date even though the motion was pending. The Commonwealth has offered no reason why a trial date could not have been selected while the motion was pending.

Moreover, it was the Commonwealth's affirmative duty to ensure statutory speedy trial requirements were met. Godfrey, 227 Va. at 463, 317 S.E.2d at 783. The Commonwealth made the strategic choice to wait until after Turner's motion was resolved to request an initial trial date. At the February 8, 2016 hearing, the trial court indicated that it fully understood the issue and would resolve the motion promptly. The trial court stated it would "set this matter for adjudication once I've had an opportunity to sort this out." At that point, more than a month remained on the speedy trial clock. During that hearing, or promptly after the trial court's issuance of its letter opinion on February 16, 2016, the Commonwealth could have requested an initial trial date; but it did not. Id. ("A defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period.").[6]

_____

[6] The Commonwealth also relies on Howard v. Commonwealth, 55 Va. App. 417, 686 S.E.2d 537 (2009), aff'd, 281 Va. 455, 706 S.E.2d 885 (2011), to argue that here, as in Howard, the trial court continued the case *sua sponte*, without objection from Turner, to consider Turner's motion. In Howard, however, a trial date had been set within the speedy trial timeframe. Id. at

The Commonwealth had the "duty of implementing the [statutory] guarantee of a speedy trial." Stephens, 225 Va. at 231-32, 301 S.E.2d at 26. Here, the first attempt by the Commonwealth to set a trial date was after the speedy trial clock had run. Furthermore, resolution of Turner's motion did not necessitate a delay in setting a date for trial. The Commonwealth failed to bring Turner to trial within the speedy trial timeframe; accordingly, the indictment against Turner must be dismissed.

CONCLUSION

As noted above, we affirm Turner's conviction under Code § 18.2-427. However, because nothing in the record shows that Turner agreed to or concurred in the delay of his trial, or instigated a proceeding which of necessity brought about a delay of his trial, see Cantwell, 2 Va. App. at 611, 347 S.E.2d at 526, the trial court erred in denying Turner's motion to dismiss the felony on speedy trial grounds. We conclude Turner must be forever discharged from prosecution for the felony offense that is the subject of this appeal. Code § 19.2-243.

Affirmed in part, reversed and dismissed in part.

---

420, 686 S.E.2d at 539. On the day before trial, the trial court *sua sponte* entered an order continuing the trial date past the speedy trial deadline. Id. Because the defendant failed to object to the continuance order, this Court concluded that the defendant's speedy trial rights had not been violated. Here, in contrast, no trial date had been set, and the trial court did not enter any continuance order to which Turner could object. The Commonwealth conflates a trial court's routine administration of pretrial motions with formal continuance orders entered on the record. "[W]e must confine our review to the record that comes before us." Cantwell, 2 Va. App. at 611, 347 S.E.2d at 526. Continuances in criminal cases "must reflect the reason for any delay of defendant's trial [and] must be documented to enable us to review and evaluate them when they are challenged." Godfrey, 227 Va. at 463, 317 S.E.2d at 783. Here, there is no continuance order entered prior to April 20, 2016, that explains the reason for the delay of Turner's trial.