UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Chaney and White

CHRISTOPHER MICHAEL CLAY

MEMORANDUM OPINION[*] BY
v.　　　Record No. 1216-24-3　　　JUDGE KIMBERLEY SLAYTON WHITE
MAY 27, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Frederick Watson, Judge

(Mark B. Arthur; Mark B. Arthur, PC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Melanie D. Edge, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Christopher Michael Clay for driving under

the influence of alcohol ("DUI") after a prior conviction for felonious DUI, driving with a license

revoked due to a DUI, and unreasonably refusing a breath test as a second offense. The trial court

sentenced Clay to 10 years and 12 months of imprisonment with 6 years suspended.

On appeal, Clay argues that the trial court erred in denying his motion to dismiss the charges

because his speedy trial rights under Code § 19.2-243 and the United States Constitution were

violated.[1] We find no trial court error and affirm the judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

BACKGROUND

On appeal, we view the evidence and all reasonable inferences flowing from it in the light most favorable to the Commonwealth, the party who prevailed in the trial court. *Goodwin v. Commonwealth*, 71 Va. App. 125, 129 n.1 (2019).

Clay was arrested for the three offenses on May 29, 2023, and he remained in custody thereafter. The General District Court of Campbell County appointed attorney Aubrey Rosser to represent Clay on June 1, 2023. At Clay's July 11 preliminary hearing, the court found probable cause and certified the charges to the grand jury.

A grand jury indicted Clay for the two felonies on September 11, 2023. That same day, the trial court signed a "Continuance Agreement" continuing the matter "[u]pon motion of the defendant and the Commonwealth" from July 11 to December 14, 2023, for arraignment and trial. Rosser, as well as the prosecutor, signed the order in agreement. The order stated, "The Defendant agrees to waive his speedy trial rights under § 19.2-243 or any other applicable provisions of the Code of Virginia for the period of time covered by this order." The order also stated that Clay waived his right to a jury trial.

By order entered on December 18, 2023, the trial court continued the case to January 8, 2024, "for a new trial date to be set." But on January 17, 2024, the trial court signed a second "Continuance Agreement" continuing the matter from December 14, 2023, to February 15, 2024. Both Rosser and the prosecutor again signed and agreed to the order. This second continuance order contained the same language concerning Clay's agreement to waive his speedy trial rights for the period of time covered by the order as well as his right to a jury trial.

On January 31, 2024, Clay filed a one-sentence notice that he "hereby assert[s] that I do not waive my speedy trial rights in these matters now pending before this Court." Both Clay and Rosser signed the notice. By counsel, on February 15, Clay moved to dismiss the charges,

asserting that he had been unaware of the apparent waivers of his speedy trial rights in the two continuance orders. Thus, he claimed, he had not been tried within five months of his preliminary hearing held on July 11, 2023, and the trial court should dismiss the charges.

Clay and Rosser appeared at a hearing in the trial court on February 15, 2024. Rosser asserted that the original trial date of December 14, 2023, established by the first continuance order, was "well within the established speedy trial time period" and that the order had "the regular clause in there about waiving" speedy trial considerations. Rosser maintained that the December 14 trial date was once again continued—the trial judge being ill—by a second continuance order that contained "the same disclaimer" regarding waiver of speedy trial rights.

Rosser indicated that he and Clay had not discussed his speedy trial rights prior to Rosser's signing either continuance order. Rosser stated, "I did not sit down with him and say this is what speedy trial is and this is what it's all about . . . ." Generally, he continued, "when I waive that, I'm trying to create enough time for counsel to prepare for cases and to have enough time to put all the evidence together." But in January 2024, Clay learned through another source that his speedy trial period would have passed but for the waivers in the two continuance orders. He and Rosser then filed a form in which Clay asserted that he "no longer waives any speedy trial rights." The trial court found that Clay had waived his speedy trial right and denied the motion to dismiss.

As the trial court attempted to arraign Clay upon the charges, Rosser moved to withdraw as counsel. Clay stated that he wanted a different attorney because Rosser had failed to properly advise him and protect his speedy trial rights. The trial court denied the motion to withdraw and stated that trial would proceed that day. Clay pleaded not guilty to the charges, but he and Rosser indicated they were not prepared for trial because Clay had been focused on his motion to dismiss, not trial strategy. In addition, for the first time, Clay stated that he wished to have a jury

- 3 -

trial. Clay acknowledged that any delay caused by his sudden jury trial demand would not be counted against the Commonwealth for purposes of his speedy trial rights. The trial court agreed to continue the case to afford Clay a jury trial.

The court's subsequent continuance order dated February 22, 2024, continued the matter from February 15 to March 14. The order stated that the continuance was granted upon Clay's motion; it was endorsed by Clay's counsel. The order provided, "As this is a motion of The Defendant[,] the speedy trial rights under § 19.2-243 or any other applicable provisions of the Code of Virginia for the period of time covered by this order[] are hereby tolled."

In a jury trial on March 14, 2024, Clay was convicted of the charged offenses.

ANALYSIS

On appeal, Clay argues that his speedy trial rights were violated by his March 14 trial date both under Virginia statutory law and under constitutional law. We disagree.

I. Speedy Trial under Code § 19.2-243

Clay argues the trial court erred in denying his motion to dismiss based on a violation of his statutory right to a speedy trial under Code § 19.2-243. Clay contends that his March 14 trial violated his statutory speedy trial right because only his court-appointed attorney agreed to the continuances that preceded it and waived speedy trial considerations without his consent. Clay maintains that his attorney agreed to the continuances of "his own volition" and "without the consent of" Clay. He asserts that, "[w]hen there is a clear disregard for the wishes of the client," "any communications . . . by counsel should not be deemed as a 'concurrence' that can be attributed to the accused himself."

"[A] statutory speedy trial challenge presents a mixed question of law and fact." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (alteration in original) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). "The appellate court gives deference to the trial court's

factual findings but reviews legal issues *de novo*, including questions regarding the proper construction of a statute." *Id.* (citations omitted).

Under Code § 19.2-243, "[w]here a general district court has found that there is probable cause to believe that an adult has committed a felony," if the defendant is held in continuous custody, the defendant's trial must commence within five months of that preliminary hearing. "[I]f the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay." *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015) (citations omitted), *aff'd*, 292 Va. 1 (2016).

But the five-month time period is not absolute and is subject to being tolled for multiple reasons, many of which are delineated in Code § 19.2-243. *See Adkins v. Commonwealth*, 13 Va. App. 519, 521 (1992) ("Code § 19.2-243 delineates circumstances which will excuse the Commonwealth's delay in trying an accused within the five month time period."). Of particular note here, Code § 19.2-243(4) provides that any delay in trial caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth," tolls the speedy trial clock and does not count against the five-month time period in which a defendant must be tried. "In determining whether the accused or his counsel made, concurred in, or failed to object to a motion for a continuance, we must 'confine our review to the record that comes before us.'" *Wallace*, 65 Va. App. at 91 (quoting *Godfrey v. Commonwealth*, 227 Va. 460, 464 (1984)).

Generally, the time between the probable cause finding and the initial trial date counts against the Commonwealth for speedy trial purposes. *See Turner v. Commonwealth*, 68 Va. App. 72, 79 (2017). But a defendant's agreement with or failure to object to a court setting a trial date outside the statutory speedy trial period "constitutes a continuance of the trial date under Code § 19.2-243(4)." *Heath v. Commonwealth*, 261 Va. 389, 394 (2001) (citing

*Commonwealth v. Hutchins*, 260 Va. 293, 297-98 (2000)).  Additionally, Code § 19.2-243's restrictions do not apply to speedy trial deadline calculations when a defendant or his counsel requests the continuance, concurs to the Commonwealth's continuance motion, or fails to timely object to that motion.  Code § 19.2-243(4).  Importantly, either a defendant or his counsel may waive his statutory speedy trial right.  *McCray v. Commonwealth*, 44 Va. App. 334, 342 (2004).

Clay's preliminary hearing on the charges was held on July 11, 2023, and he remained in jail thereafter.  Therefore, Code § 19.2-243 required that his trial occur within five months of the preliminary hearing, absent the application of any tolling provision.

Even if we assume that the period of delay between July 11 and September 11, 2023, counted against the Commonwealth for speedy trial purposes, the September 11 continuance order setting the December 14 trial date expressly reflects that continuing the matter to that date was done because of a joint "motion of the defendant and the Commonwealth."  This first continuance order further provided that Clay "agree[d] to waive his speedy trial rights under § 19.2-243 or any other applicable provisions of the Code of Virginia for the period of time" covered by the order.  The order was signed by Clay's attorney, demonstrating his agreement.

In this same way, Clay's trial was later continued to February 15, 2024, again with Clay's attorney's agreement and with the waiver of Clay's statutory speedy trial right.  Through the agreement of Clay's counsel, these periods of delay did not count toward the speedy trial calculation.  *McCray*, 44 Va. App. at 346.

At the hearing on February 15, 2024, the trial court denied Clay's motion to dismiss, finding that he had waived his speedy trial right.  Clay asserted his right to a jury trial for the first time.  The trial court then continued the matter, upon Clay's motion, for a jury trial on March 14.  Under Code § 19.2-243(4), the delay from February 15 to March 14, 2024, when Clay's trial commenced, was not chargeable to the Commonwealth for speedy trial purposes.  We thus find

that Clay's March 14 trial did not violate his statutory right to a speedy trial. Accordingly, the trial court did not err in denying his motion to dismiss on statutory speedy trial grounds.

## II. Speedy Trial Rights under Constitutional Law

Clay maintains that his March 14 trial violated his constitutional right to a speedy trial. But he did not raise this issue in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). An objection must be contemporaneous, or timely, "so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Clay waived his claim of a violation of his constitutional right to a speedy trial by not raising it in the trial court. Although there are exceptions to Rule 5A:18, Clay has not invoked them, and we do not do so sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023). Thus, we do not consider this aspect of Clay's argument on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*